[No. 11211. Department Two. — August 27, 1886.]

## CENTRAL PACIFIC RAILROAD COMPANY, Appellant, v. ROBERT CREED. A. D. LOGAN, Respondent.

Judgment — Defects and Irregularities. — Mere defects or irregularities in the process or proceedings, against a party not objecting to them, do not affect the validity of a judgment in the case, or the rights of the parties to it; and a plaintiff in whose favor such a judgment is entered cannot question it.

Foreclosure Sale — Setting aside — Inadequacy of Price. — A foreclosure sale will not be set aside for mere inadequacy in the price for which the property was sold.

Id. — Surprise — Negligence — Offer to Return Purchase Price. — Such a sale, if fair and regular upon its face, will not be set aside on the ground of surprise, unless the party claiming to have been surprised was without fault or negligence, and promptly offered to return the purchase-money.

Id. — Circumstances not Constituting Surprise. — The sale in question was had on the 22d of December, 1884, under a judgment rendered in favor of the plaintiff on the 10th of October, 1884. The plaintiff knew of the time and place of sale, but neglected to give any instructions in reference thereto until the day preceding the sale, when it telegraphed to its agent and wrote the sheriff offering to purchase the property for the amount of the judgment and costs, and instructing them to make a bid to that effect at the sale. By reason of atmospheric conditions, neither the telegram nor letter was received by the parties to whom they were sent until after the sale. The sale was made to the respondent for a less price than that offered by the plaintiff. The plaintiff received the purchase-money, and kept it for five months, when, without offering to return the money, it moved to set aside the sale on the ground of surprise. *Held*, that the motion was properly denied.

Appeal from a judgment of the Superior Court of Colusa County, from an order refusing to set aside the judgment, and from an order refusing to set aside an execution sale.

The facts are stated in the opinion of the court.

*Joseph D. Redding*, for Appellant.

*John T. Harrington*, for Respondent.

McKEE, J.—In this case, the plaintiff in the action had appealed from a judgment in its favor, and from an order of refusal to set aside the judgment and an execution sale of land thereunder.

The judgment appealed from was entered on the 10th of October, 1884, against the defendant, Creed, upon a default entered against him for not answering. By its terms, the judgment provided for the sale of a tract of land containing 159 acres to pay the sum of $2,995, which the court found to be due and owing by the defendant to the plaintiff upon a contract for the purchase of the land. Under the judgment the land was sold at sheriff's sale on the 22d of December, 1884, to A. D. Logan.

Seven months after the rendition of the judgment, and five months after the sale of the land, the plaintiff's attorney applied, upon notice to the purchaser, to set aside the judgment, upon the ground "that the summons in the action was defective and irregular," and set aside the sale upon the ground "that it was made to the prejudice and exclusion of the plaintiff."

The court properly denied the application to set aside the judgment. Mere defects or irregularities in the process or proceedings of a judgment, against a party who does not object to them, do not affect the validity of the judgment or the rights of the parties to it. A plaintiff in whose favor such a judgment is entered has no right to question it. As to him, it is either valid or void. If valid, it is a final determination of his rights. If void, it does not affect his rights, and he may proceed to enforce them by any available remedy.

In the proceedings instituted by the plaintiff, the court had jurisdiction of the subject-matter of the action and of the parties; the judgment pronounced in the action was therefore valid; its validity is unquestioned by the defendant; as to him it stands in full force, unreversed and unappealed from; it is therefore final and conclusive

as to the parties; and the plaintiff, at whose instance it was taken, has no right to appeal from it.  One in whose favor a valid judgment has been rendered cannot be considered "a party aggrieved by it."  (*Ely* v. *Frisbie,* 17 Cal. 250; *Sleeper* v. *Kelly,* 22 Cal. 456.)

The sale of the land took place in Colusa on the 22d of December, 1884.  The plaintiff knew of the time and place of sale, and one of its agents, who resided in Colusa, on the 20th of December, 1884, sent to the plaintiff's attorney a telegram as follows:—

"COLUSA, CAL., Dec. 20, 1884.

"J. D. REDDING, 302 Montgomery Street, San Francisco: Sheriff wants instructions about sale Creed land next Monday.                                    J. W. GOAD."

The telegram was seasonably received, and on the same day the attorney at San Francisco in answer telegraphed:—

"DECEMBER 20, 1884.

"J. W. GOAD, Colusa, Colusa County, Cal.: If no bidders, company offers amount judgment and costs.

"JOSEPH D. REDDING."

At the same time the attorney wrote to the sheriff a letter as follows:—

"SAN FRANCISCO, Dec. 20, 1884.

"SHERIFF OF COLUSA COUNTY, Colusa, Cal.,— *Dear Sir:* I have received a dispatch from J. W. Goad, Esq., of Colusa, stating that the sheriff desires instructions for the sale of Creed land next Monday.  I have just telegraphed Mr. Goad that if there are no bidders at the sale that the company offers the amount of judgment and costs, to wit, $2,995 judgment and $115 costs.  You are respectfully requested by the company to make the above-named bid, they being expressly allowed to do so by the terms of the decree herein.  Yours respectfully,

"JOSEPH D. REDDING,
"Attorney C. P. R. R. Company."

No representative of the plaintiff attended the sale; but there were bidders present, and the land was struck off to one of them—A. D. Logan—for $1,092. As purchaser, Logan paid the money to the sheriff, and the sheriff forwarded the money to the attorney of plaintiff by letter as follows:—

"COLUSA, CAL., Jan. 3, 1885.

"JOSEPH D. REDDING, Attorney at Law,—*Dear Sir:* Inclosed find check for $1,027.40, proceeds of sale in the case of C. P. R. R. Company against Robert Creed. Please acknowledge receipt, and forward the inclosed receipt to me. Your letter of advice was not received until after the sale was made to A. D. Logan. Mr. Goad says he did not receive the telegram you refer to in your letter. Yours truly, M. DAVIS, Sheriff."

Upon receiving the money, the attorney forwarded the following receipt:—

"$1,027.48. COLUSA, Jan. 5, 1885.

"Received from M. Davis, sheriff of Colusa County, one thousand and twenty-seven 48-100 dollars, in United States gold coin, being the amount of sale of real estate in the case of *Central Pacific Railroad Co.* v. *Robert Creed,* Superior Court, county of Colusa, after deducting sheriff's costs and disbursements, amounting to $64.52.

"JOSEPH D. REDDING, Plaintiff's Attorney."

The purchaser at the sale received from the sheriff a certificate of purchase; the sale was therefore complete. By the certificate, the purchaser became vested with an inchoate right to the land, subject to be defeated by redemption according to law, and by the receipt of the purchase-money the judgment became satisfied *pro tanto.*

For five months after the sale the plaintiff never questioned its validity, but at the end of that time, without offering to pay back the purchase-money which was received in satisfaction of the judgment, the plaintiff moved to set aside the sale upon an affidavit which

states: 1. That the land which was sold at seven dollars per acre was worth twenty dollars per acre; and 2. "That at the time said letters and telegrams being sent, the means of communication between Williams, the point nearest Colusa on the railroad line, and Colusa were very imperfect, and the roads nearly impassable; that the telegraph wires were down between San Francisco and Colusa, and hence the plaintiff by the ordinary and customary means of communication between these points was prevented from giving instructions to the sheriff and to J. W. Goad, the representative of the railroad (plaintiff) in Colusa."

Mere inadequacy of price is not sufficient to invalidate a foreclosure sale. (*Smith* v. *Randall,* 6 Cal. 47; S. C., 65 Am. Dec. 475; *McCormick* v. *Malin,* 5 Blackf. 509; 2 Perry on Trusts, 602.) The fact of inadequacy has some significance in connection with proof of unfair practices at the sale, or of surprise which prevented a party to the judgment to be enforced by the sale from attending, to his prejudice.

It is admitted that there were no unfair practices in connection with the sale; the sale was in all particulars regular and valid. The surprise for which a court will set aside proceedings fair and regular on their face which have resulted in vesting rights to real property in a purchaser must be a legal surprise, without fault or negligence of the party who claims to have been surprised; a court of equity does not assist a party who has lost his rights through his own negligence. (*Hendricksen* v. *Hinckley,* 17 How. 443.) And the party surprised must act promptly, and offer to return the purchase-money. There would be no equity in allowing him to set aside the sale five months after it took place, and keep the purchase-money.

Besides, the circumstances stated in the affidavit of the plaintiff do not constitute legal surprise.

The plaintiff knew of its own judgment, and of the

legal means provided for its enforcement, and of the time and place of the sale of the property for its enforcement. Knowing these things, it was its duty to take such steps as were necessary to be represented at the sale. That it could have done at any time while the proceedings were *in fieri*, by sending instructions to its agent, who was on the ground ready to act. It was its own fault that it postponed doing that or taking any other course until the atmospheric condition of some twenty-four hours before the sale may have interfered with the communications between the plaintiff and its agent before the hour of sale. And when, with a full knowledge of all the facts connected with the sale, it received the purchase-money, and elected to consider the sale valid, it ought not to be heard five months afterwards to say that it was surprised. (*Dewey v. Frank*, 62 Cal. 343.)

The court properly denied the motions made by the plaintiff.

Judgment and orders affirmed.


THORNTON, J., and SHARPSTEIN, J., concurred


Hearing in Bank denied.