Wm. Carson and Wm. Addison Neale, and Mary Jane
Gallaher, late Neale, v. J. R. Ambrose, Appellant.

*Sheriff's sale—Setting aside sale—Price—Description.*

A sheriff's sale of land will not be set aside for inadequacy of price
where it appears that, although the bid was very small, the land was sold
subject to heavy charges.

A sheriff's sale of land will not be set aside because the sheriff in his
published description did not mention that the land lay in gas territory.

Argued October 11, 1897. Appeal, No. 37, March T., 1896,
by defendant, from order of C. P. Armstrong Co., Oct. T., 1897,
No. 9, discharging rule to set aside sheriff's sale. Before Ster-
rett, C. J., Green, Williams, McCollum, Mitchell, Dean
and Fell, JJ. Affirmed.

Rule to set aside sheriff's sale.

The facts appear by the opinion of the court below, RAY-BURN, P. J., which was as follows :

The defendant seeks to have sale of his land set aside, and as reasons therefor alleges inadequacy of price, want of proper notice of sale, improper description and conduct of plaintiffs which deterred bidders.

Inadequacy of price is not of itself sufficient to warrant the setting aside a sheriff's sale. The land consisted of one hundred and seventy-six acres, more or less. The plaintiffs in the writ became the purchasers at a bid of $700. This would appear to be grossly inadequate, but when you consider that the land was sold subject to the lien of a mortgage, upon which there is to be paid to the widow of the predecessor in title the annual interest of $206.73 and upon her death to the heirs, the principal, viz : 3,445.53, and that there is due and unpaid of this interest $1,400.00 according to plaintiffs' statement, and admitted by defendant to be over $500 yet unpaid, and the further fact that the judgment upon which the property was sold called for the payment of $1,718.69 with interest from March 7, 1891, the price or sum bid was not inadequate. Therefore in disposing of the exceptions the question of price will not be considered.

The evidence shows that a handbill was placed upon the premises by the sheriff and upon argument the exception as to that fact was abandoned. The defendant admits in his testimony that he had notice of the sale, and the evidence shows that he was apprised of the fact that the execution was going to be issued, and sought to have it prevented, and after it was issued continued in his efforts to get the matter arranged with the plaintiffs so that the land would not be sold. The exception as to proper description cannot be sustained, the fact that sheriff did not mention that the land lay in gas territory is not any reason why the sale should be set aside. The sheriff is not called upon to make conjectures in his advertisements. They should contain and set forth verity, not speculation. There is nothing in the evidence to show that plaintiffs or their attorney did anything to deter bidders, and it is unnecessary to comment thereon.

And now, March 20, 1896, rule is discharged at the costs of the defendant.

*Error assigned* was order of the court.

*Findlay P. Wolff*, with him *James H. McCain* and *W. J. Christy*, for appellant.—In giving into the hands of the ministerial officer of the court the high prerogative of seizing and selling property for debt, the law explicitly prescribes certain requirements as to notice and conduct of sale: Act of June 16, 1836, 1 Purd. 847, pl. 97, designed to afford the widest competition in bidding, and to close the door against fraud ; and a faithful and strict observance of these as prerequisites is essential to the legality of the sale: 1 Tr. & H. Pr. secs. 1249 and 1251 ; Arnold & Co. v. Joslin, 5 Kulp, 317 ; Carlin v. Leng, 1 Phila. 375.

Gross inadequacy of price is a good cause for setting the same aside : Weitzell v. Fry, 4 Dall. 218 ; Welles v. Davis, 3 Kulp, 61 ; Twells v. Conrad, 2 W. N. C. 30 ; Ely v. Schoener, 1 Wood Dec. 72 ; Schaeffer v. Latshaw, 1 Wood Dec. 487 ; Association v. Adams, 1 W. N. C. 144 ; 1 Tr. & H. Pr. sec. 1251 ; Cooper v. Wilson, 96 Pa. 409 ; Gibbons v. Williams, 10 Pa. C. C. 299 ; Fitzsimmons v. Fitzsimmons, 2 York Leg. Rec. 121 ; Mayer v. Spangler, 2 York Leg. Rec. 154 ; Jayne v. Storm, 7 Lanc. Law Rev. 332 ; Jayne v. Storm, 2 Lackawanna, Jur. 103 ; 1 Tr. & H. Pr., sec. 1249.

*Barclay Nulton*, for appellees.

PER CURIAM, October 25, 1897 :

No sufficient reason for setting aside the sheriff's sale in this case has been shown either in the court below or here. The discretion vested in the court was wisely exercised in discharging the rule to show cause. There is nothing in either of the specifications of error that would justify a reversal or modification of the decree.

Decree affirmed and appeal dismissed at appellant's costs.