BURTON, RESPONDENT, *v.* KIPP, APPELLANT.          | 30  275|
                                                    | 33  446|

(No. 1,834.)

(Submitted March 24, 1904.   Decided April 22, 1904.)

*Execution Sale—Validity — Defect in Writ—Curative Act—*
*Judgment Roll—Parcels — Presumption of Regularity—*
*Agreement—Pleading.*

1. An allegation that an execution was issued before judgment was properly entered, being pregnant with the admission that judgment was in fact entered, is a mere conclusion of law, and presents no statement on which an issue of fact can be made.

2. A sale made under an execution defective by reason of its failure to contain the seal of the court is validated by Act of March 2, 1899 (Session Laws of 1899, p. 145), providing that all judicial sales of real ·property previously made to satisfy valid judgments shall be sufficient to sustain a sheriff's deed based on the sale, and all defects in the issuance of execution shall be disregarded.

3. Under Code of Civil Procedure, Section 1210, providing that a party may at any time within six months after the entry of judgment have an execution issued for its enforcement, the making up of the judgment roll, as required by Section 1196, is not a prerequisite to the issuance of execution.

4. Under Code of Civil Procedure, Section 1227, providing that all sales under execution shall be at auction, to the highest bidder, mere inadequacy of the price, not attended by fraud, mistake or surprise tending to influence the result, does not invalidate such a sale.

5. Under Code of Civil Procedure, Section 1225, prescribing the notice to be given of sales under execution, and Section 1226, providing that an officer selling without the notice prescribed forfeits $500 to the aggrieved party, in addition to his actual damages, failure to give the notice does not invalidate the sale, the remedy provided being exclusive.

6. A court of equity will not interfere when the remedy at law is adequate.

7. Code of Civil Procedure, Section 1227, provides that, when real property sold under execution consists of several "known lots or parcels," they must be sold separately. Section 3266 states the legal presumption that official duty has been performed. *Held,* that it must be presumed that an officer complied with the statute in the sale of a city lot, though it was composed of two parcels and was sold in gross, since the parcels may not have been known, or may have been offered separately and sold in gross only after it was found that there were no bidders for the parcels.

8. An agreement whereby judgment creditors agreed that the judgment should not be enforced till a claim of a third party against them was settled was too indefinite as to time to be enforceable.

9. An agreement not to enforce a judgment till a claim of a third party against the judgment creditor should be settled was based on no consideration.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by Ruth A. Burton against Henry Kipp. From an order granting a new trial after judgment of nonsuit, defendant appeals. Reversed.

## Statement of the Case.

This action was brought, under Section 1310 of the Code of Civil Procedure, to have determined an adverse claim asserted by defendant to lot 12 in block 5 of the city of Butte, of which plaintiff claims to be the owner. It is in form an action *quia timet* to remove a cloud upon plaintiff's title

The complaint alleges that the plaintiff is the owner in fee and in possession of the premises; that the defendant claims some right or interest therein adverse to the plaintiff, but that such claim is without right. It then proceeds to allege, in substance, that the only interest the defendant has in the property is by virtue of a deed executed by the sheriff of Silver Bow county in pursuance of a sale thereof by said sheriff under an execution issued out of the district court upon a judgment recovered by the defendant against plaintiff in an action entitled "Henry Kipp v. Ruth A. Burton and A. A. Burton;" that said judgment was rendered and ordered entered on April 9, 1896; that on April 16th, but before the judgment "was properly entered, and before the judgment roll in the said action was made up," the defendant caused an execution to be issued thereon, and to be levied upon said property; that on May 11th the sheriff sold the property, and that it was purchased by the defendant for the sum of $429.65, the amount of the judgment, with costs, etc.; that the sheriff made the sale without having first caused notice thereof to be posted and published properly as required by the statute; that the price received was grossly inadequate, in that the property was worth $5,000; that the lot consisted of two separate and distinct parcels, each parcel having a building and appurtenances thereto, used for different purposes, but that the sale was made of the whole as one parcel; that, at the time the said judgment was recovered against plain-

tiff by defendant, one Rand, son-in-law of plaintiff, held an account against the firm of Kipp Bros., the defendant being a member thereof, amounting to $485; that it was agreed that, inasmuch as this account was disputed, nothing would be done toward the enforcement of the judgment against plaintiff until after the settlement of the claim of Rand against the firm of Kipp Bros.; that suit was brought by Rand on this claim on May 14th, but had not been determined at the beginning of this action; that the agreement not to enforce the judgment against plaintiff until after the determinaion of the cause of *Rand* v. *Kipp Bros.* was made with defendant by Rand, as the agent of plaintiff, and that the issuance of execution and the sale made were in violation thereof; that before the commencement of this action the plaintiff tendered to defendant the full amount of his said judgment, with interest and costs of sale, and demanded a reconveyance of the property, but that he had refused to accept the tender and accede to her demand; and that she has paid to the clerk of the district court said amount for the use of the defendant. The prayer is that defendant be required to set forth the nature of his adverse claim, that it be declared without foundation, and that plaintiff have general relief. The answer puts in issue all the material allegations of the complaint, except that the defendant bases his adverse claim wholly upon the sheriff's deed, as alleged. This is admitted.

When the cause came on for trial, it was stipulated by counsel that the plaintiff was the owner and in possession of the property in controversy down to the date of the sheriff's deed, and that her possession still continues. The plaintiff then offered evidence tending to show that the sheriff failed to post and publish notice of the sale as required by the statute, and that plaintiff had in fact no notice of it; that the agreement was made, between the plaintiff, through Rand, her agent, and defendant, for stay of execution, as alleged; that the property consisted of separate parcels used for different purposes, and that the sale was made in gross; that it was worth $5,000 and sold for $429.65; that suit was actually begun by Rand against

Kipp Bros. soon after the said agreement was made; that tender had been made by plaintiff and refused by defendant, and that deposit of the amount thereof had been made with the clerk; and that execution was issued without the seal of the court. All of this evidence was excluded by the court upon objection by defendant that the complaint fails to state a cause of action, and judgment was entered for the defendant. The court thereafter sustained plaintiff's motion for a new trial. Defendant has appealed. The ground of the motion was the supposed error of the court in excluding the offered evidence.

*Mr. C. M. Parr,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. (*Blood* v. *Light,* 38 Cal. 651; *Dodge* v. *Walley,* 22 Cal. 224; *Donahue* v. *McNulty,* 24 Cal. 412.; *Hihn* v. *Peck,* 30 Cal. 281; *Townsend* v. *Olin,* 5 Wend. 207; Rorer on Judicial Sales, Sec. 716, 449; *Tooney* v. *Purkey,* 1 Mill (S. C.) 159; *Cooper* v. *Galbraith,* 3 Wash. (C. C. R.) 550; *Hunt* v. *Loucks,* 38 Cal. 382; Code of Civil Procedure, Secs. 1210, 1211, 1226; *Hastings* v. *Cunningham,* 39 Cal. 144; *Van Cleave* v. *Bucher,* 79 Cal. 600; *Los Angeles Bank* v. *Raynor,* 61 Cal. 145; Freeman on Executions, Par. 10, 24, 286, 334, 339; *Graham* v. *Lynn,* 39 Am. Dec. 493; Black on Judgments, Vol. 1, Sec. 106; *Lick* v. *Stockdale,* 18 Cal. 219; *Sharp* v. *Lumley,* 34 Cal. 611; *Hahn* v. *Kelly,* 34 Cal. 391; *Smith* v. *Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Shores* v. *Scott,* 17 Cal. 628; *Frink* v. *Roe,* 70 Cal. 296; *Hollister* v. *Vanderlin,* 30 Atl. Rep. 1002; *Bank* v. *Fair Association,* 48 N. W. Rep. 852; *Felton* v. *Felton,* 34 Atl. 312; *Gunn* v. *Slaughter,* 9 S. E. Rep. 772; *Fulton* v. *Seipen,* 34 Atl. 680; *House* v. *Robertson,* 30 S. W. Rep. 640; *Robb* v. *Hanna,* 14 S. W. Rep. 360; *Railway Co.* v. *Creed,* 11 Pac. 772; *Cake* v. *Cake,* 26 Atl. 781; *Greenup* v. *Stoker,* 52 Am. Dec. 474; *Stockton* v. *Owings,* 12 Am. Dec. 302; *Gasner* v. *Patterson,* 23 Cal. 302; *Tripp* v. *Cooke,* 26 Wend. 142; Freeman on Executions, Secs. 309-1051; *White* v. *Cole,* 24 Wend. 125; *Conway* v. *John,* 23 Pac. 170; *Cole-*

man v. Bank, 49 Am. Dec. 671-673; Carson v. Ambrose, 183 Pa. St. 88; Hopper v. Davis, 70 Ill. 682; Kleber on Void Judicial Sales, Sec. 358; Riddell v. Harrell, 71 Cal. 254; Hoffman v. Whitten, 20 S. W. Rep. 617; Craig v. Stevens, 18 N. W. Rep. 510; Gleason v. Hill, 2 Pac. 413; Bunker v. Rand, 19 Wis. 253; Williams v. Allison, 33 Iowa, 378; Rector v. Hartt, 41 Am. Dec. 650; Cunningham v. Cassidy, 17 N. Y. 276; Griswold v. Stoughton, 84 Am. Dec. 409; Bouldin v. Ewart, 63 Mo. 330; Foley v. Kane, 53 Iowa, 64; Bell v. Taylor, 14 Kan. 277; Smith v. Schultz, 68 N. Y. 41; Lumberman v. Bank, 24 Minn. 281; Vigoreaux v. Murphy, 54 Cal. 346; Ahlstrom v. Fitzpatrick, 17 Mont. 295; Randolph on Com. Paper, Secs. 1819-1820; Atlantic Nat'l Bank v. Franklin, 55 N. Y. 238; Baggs v. Ives, 17 Wend. 501; Stalker v. McDonald, 6 Hill, 93, 114; Ward v. Wick, 17 Ohio St. 159; Jenkins v. Clarkson, 7 Ohio St. 72; Benson v. Harrison, 39 Mo. 303; Boardman v. Larrabee, 51 Conn. 39; Ives v. Lieser, 10 Mont. 5; Hale v. Forbis, 3 Mont. 395; Note on page 526 of 60 Am. Dec.; Session Laws of Montana, 1899, page 34; Row v. Blake, 44 Pac. 1084; Newton v. State Bank, 58 Am. Dec. 370, note; Swiggart v. Harber, 39 Am. Dec. 430, note; Van Fleet on Collateral Attack, pp. 4, 5; 12 Am. & Eng. Ency. of Law, 147; Freeman on Executions, page 1931; Bernard v. Herzog, 12 Mont. 519; Cabell v. Grubb, 48 Mo. 353; Norton v. Quinby, 45 Mo. 388; Rigg v. Cook, 4 Gilm. 336; Durham v. Heaton, 28 Ill. 264, 81 Am. Dec. 275; Jackson v. Spink, 4 Chic. L. N. 309; Kelsey v. Dunlap, 7 Cal. 160; Stetson v. Freeman, 35 Cal. 523; Oram v. Rothermil, 98 Pa. St. 300; Hering v. Chambers, 103 Pa. St. 172; Nagle v. Macy, 9 Cal. 426; Winchester v. Winchester, 1 Head, 460; Freeman on Executions, Secs. 74, 76, 77; Roush v. Fort, 2 Mont. 485; Martin v. Parsons, 49 Cal. 99.)

As to imperfection in the writ of execution, and validity of writ having no seal. (Van Cleave v. Bucher, 79 Cal. 600; Hibbard v. Smith, 50 Cal. 519; Pecolle v. Oliver, 2 Idaho, 231; State v. Cassidy, 4 S. Dak. 62; Corwith v. State Bank, 86 Am.

Dec. 796; *Arnold* v. *Nye,* 23 Mich. 286; Nebraska Code of Civil Proc. Sec. 880; *Taylor* v. *Courtney,* 15 Neb. 190; Freeman on Executions, Sec. 46, note 2; 8 Ency. Pl & Pr. page 403; *Scott* v. *Rushman,* 1 Cow. 212; *Kyle* v. *Evans,* 3 Ala. 481; *Hall* v. *Lackmond,* 50 Ark. 113, 7 Am. St. Rep. 84; *Whiting* v. *Beebe.* 12 Ark. 421; *Mitchell* v. *Conley,* 13 Ark 414; *Gould's* Dig. c. 133, Sec. 116; *Kahn* v. *Kuhm,* 44 Ark. 404; *Rice* v. *Dale,* 45 Ark. 34; *Jett* v. *Shinn,* 47 Ark. 373; *Blank* v. *Rector,* 24 Ark. 496, 88 Am. Dec. 780, 7 Am. Dec. 85, note; *Mitchell* v. *Duncan.* 7 Fla. 13; *Dever* v. *Akin,* 40 Ga. 423; *Warmath* v. *Dryden,* 125 Ind. 355; *Hunter* v. *Burnsville Turnpike Co.,* 56 Ind. 213; *Rose* v. *Ingram,* 98 Ind. 276; *Bridewell* v. *Mooney,* 25 Ark. 524; *Sawyer* v. *Baker,* 3 Mc. 29; *Wright* v. *Nostrand,* 94 N. Y. 31; *People* v. *Dunning,* 1 Wend. 16; *Dominick* v. *Eacker,* 3 Barb. 18; *Dominick* v. *Ill. State Bank,* 18 Wis. 86, 86 Am. Dec. 763; *Porter* v. *Haskell,* 11 Me. 177; *Toof* v. *Bently,* 5 Wend. 276; *Boal* v. *King,* 6 Ohio, 11; *Filkins* v. *Brockway.* 19 Johns. 170; *Aetna Ins. Co.* v. *Hallock.* 6 Wall. 556; *Wolf* v. *Cook,* 40 Fed. 432; Alderson, Jud. W. & P. Sec. 33; Montana Code of Civil Proc. Sec. 110, Subd. 8; *Choate* v. *Spencer,* 13 Mont. 136; Montana Code of Civil Proc. Sec. 774; *Barber* v. *Briscoe,* 9 Mont. 34; 17 Ency. of Pl. & Pr. page 920, 20; *Church* v. *English.* 81 Ill. 442; Freeman on Executions, Sec. 71.)

The legislature has the power to pass curative statutes. (*Thomson* v. *Lea County.* 70 U. S. 327; *Breyell* v. *Norris,* 25 Ohio St. 308; *Bernier* v. *Becker,* 37 Ohio St. 72; *Johnson* v. *Hall.* 90 Wis. 19; *Frisby* v. *Singer,* 90 Wis. 608; *Wharton* v. *Cunningham,* 46 Ala. 590; 3 Am. & Eng. Ency. of Law, p. 760; Cooley on Const. Lim. 371; Sutherland, Stat. Const. Sec. 483.)

*Mr. John J. McHatton,* for Respondent.

The appellant did not demur to the complaint, or make any objection thereto, but filed his answer, denying the allegations thereof; by answering, the defendant waived any defect of

statement in the cause of action contained in the complaint. (*Sanford* v. *Newell,* 18 Mont. 127.)

A defective complaint is cured when the material facts omitted therefrom, if any, are admitted or supplied by the answer. (*Hershfield* v. *Aiken.* 3 Mont. 450; *Crowder* v. *McDonnell,* 21 Mont. 367; *Wilson* v. *Harris,* 21 Mont. 385.)

Where the defendant joins in the trial of an issue, he cannot object in the supreme court that the complaint is insufficient to raise such issue. (*First Nat'l Bank* v. *Merchants' Bank,* 19 Mont. 588.)

An answer which assumes that those allegations are in the complaint which it should properly contain supplies their omission. (*Lynch* v. *Bechtel,* 19 Mont. 551.)

The point of an objection to the reception of evidence and the reason for it must be stated in the court below and saved in a bill of exceptions. (*Story* v. *Black,* 5 Mont. 44.)

An objection that there is no foundation for the introduction of evidence cannot be raised for the first time on appeal. (*Hogan* v. *Schuart.* 11 Mont. 498, 505; *Lawlor* v. *Kemper,* 20 Mont. 13, 18.)

The point of an objection must be stated to enable the court to correct its own errors and to enable the party to remove the objection, if possible. (*Story* v. *Black.* 5 Mont. 26, 44.)

The complaint states a cause of action to quiet title. (Code of Civil Procedure, Sec. 1310; *Angus* v. *Craven et al.,* (Cal.) 64 Pac. 1091; 17 Ency. of Pl. & Pr. 277, 279, 326, 336, 332, 334; *Brusie* v. *Gates,* 80 Cal. 462, 465; *Blood* v. *Light,* 38 Cal. 649; *Peterson* v. *Weisobein,* 75 Cal. 178; *Bullard* v. *McCardle,* 98 Cal. 357; *Real Estate Co.* v. *Hendrix,* 28 Ore. 491; *Herr* v. *Broadwell,* 5 Colo. App. 469; *Lehnhardt* v. *Jennings,* 119 Cal. 193, 196; *Carpenter* v. *Stillwell,* 11 N. Y. 71.)

When real estate sold under execution consists of several parcels, it must be sold separately. (Code of Civil Proc. Sec. 1227; *Vigoreux* v. *Murphy,* 54 Cal. 346; *San Francisco* v. *Pixley,* 21 Cal. 57; 2 Freeman on Executions, Secs. 296, 308; *Frink* v. *Roe,* 70 Cal. 303; *Blood* v. *Light,* 38 Cal. 654; *Hib-*

*berd* v. *Smith,* 67 Cal. 565; *Williams* v. *Allison,* 33 Ia. 278; *Bunker* v. *Rand,* (Wis.) 88 Am. Dec. 684; 22 Am. & Eng. Ency. of Law, 610-613 (notes 2 and 5), 614.)

Before a sale of property on execution, the sheriff is required to give a notice as provided by law. (Code of Civil Proc. Sec. 1225; Kleber on Void Jud. Sales, Secs. 321-326.)

Parcels are deducible from a tract by the manner of use and occupancy. (22 Am. & Eng. Ency. of Law, p. 613; 2 Freeman on Executions, Sec. 296, p. 986; *Gency* v. *Maynard,* 44 Mich. 578, 7 N. W. 173.)

The question whether a piece of property constitutes one or more separate parcels is a question of fact to be determined from the evidence. (*Gleason* v. *Hill,* 65 Cal. 17.)

A sale *en masse,* where the owner is prejudiced, is voidable, and may be set aside on motion or a bill in chancery. (*Bunker* v. *Rand, supra; Rector* v. *Hartt,* (Mo.) 41 Am. Dec. 650, 659; *McLean County Bank* v. *Flagg,* (Ill.) 83 Am. Dec. 225, 6; *Tiernan* v. *Wilson,* 6 Johns. Ch. 411, notes; *Hudephol* v. *Water Co.,* 94 Cal. 588, 29 Pac. 1025; *Marston* v. *White,* 91 Cal. 40, 27 Pac. 588, 589; *Campbell* v. *Gardner,* (N. J.) 69 Am. Dec. 598; *Reed* v. *Carter,* (Ind.) 26 Am. Dec. 422; *Groff* v. *Jones,* (N. Y.) 22 Am. Dec. 545; *Kleber's* Void Jud. Sales, Sec. 359; Code of Civil Proc. Sec. 1227; *San Francisco* v. *Pixley,* 21 Cal. 57; *Pritchard* v. *Madren,* 31 Kan. 50, 2 Pac. 691, 700, cases cited; 12 Am. & Eng. Ency. of Law, 325, notes; *Vigorcux* v. *Murphy,* 54 Cal. 347.)

A judgment is rendered when ordered by the court, and entered when actually entered in the judgment book. (*McLaughlin* v. *Doherty,* 54 Cal. 519; *Schurtz* v. *Romer et al.,* 81 Cal. 244, 247.)

The order of the court directing the entry of a judgment in favor of the plaintiff was not a final judgment. (*B. & B. Con. Min. Co.* v. *M. O. P. Co.,* (Mont.) 69 Pac. 714; Freeman on Executions, Sec. 24; Black on Judgments, Sec. 106.)

Before the sale of real property on execution notice thereof

must be given as provided by law. (Code of Civil Proc. Sec. 1225; Freeman on Executions, Sec. 286.)

Inadequacy of price, where it shocks the conscience, is sufficient to set aside the sale. (*Davenport v. Moore,* 74 Fed. 953; *Magann et al. v. Segal et al.,* 92 Fed. 252; *Schroeder v. Young* 161 U. S. 333, L. E. 725, note; *Graffau v. Burgess,* 117 U. S. 180, L. E. 839; *Hudephol v. Water Co.,* 94 Cal. 588, 29 Pac. 1025.)

A sheriff is only a ministerial officer, and, as such, executes the mandates and carries into effect the judgments of courts within his own county. (Mechem on Pub. Off. Secs. 657, 742; 12 Am. & Eng. Ency. of Law, 525; Secs. 1224-1227, Code of Civil Procedure.)

Forbearance to enforce a claim, legal or equitable, is a sufficient consideration for a promise. (Civil Code, Sec. 2160; *Stewart v. McGuin,* 1 Cow. 99; *Ward v. Fryer,* 19 Wend. 494; *Hartford Ins. Co. v. Olcott,* 97 Ill. 439.)

A consideration moving from or to a third person will support a contract. (6 Ency. of Law, 2d Ed., 685, and cases cited in note 3.)

The execution is void for want of a seal. (Code of Civil Proc. Sec. 1211; *State ex rel. Sackett v. Thomas,* 25 Mont. 226, 235; *Aetna Ins. Co. v. Hallock,* 6 Wall. 556, L. E. 948, 9; *Choate v. Spencer,* 13 Mont. 127, 133, 20 L. R. A. 424, note; *Sharman v. Huot,* 20 Mont. 555; 11 Am. & Eng. Ency. of Law, (N. S.) 645; 8 Ency. Pl. & Pr. 404; *Hunt v. Loucks,* 38 Cal. 372, 378; *Lee v. Newkirk,* 18 Cal. 550; *Herr v. Broadwell,* (Colo.) 39 Pac. 70; *Woodcock v. Bennett,* 1 Cow. 711; *M. B. L. Ins. Co. v. Winne,* 20 Mont. 20, 31.)

A void writ of execution can derive no validity from the defendant's inaction; he is not bound to move to set aside or vacate it. (Freeman on Executions, Sec. 73, p. 167; 28 Am. & Eng. Ency. of Law, p. 474.)

A sale will be set aside where there has been fraudulent conduct in the purchaser. (*Roush v. Fort,* 2 Mont. 482, 486; *King v. Platt,* 37 N. Y. 160.)

A void judgment or process cannot be made valid by a subsequent statute. (*Nelson* v. *Roundtree,* 23 Wis. 367; *Maxwell* v. *Goetschius,* 11 Vroom (N. J.), 383, 29 Am. Rep. 242, 48, 50; Cooley's Const. Lim. pp. 102-110, 126; 1 Kent's Comm. p. 456; *Pryor* v. *Downey et al.,* 50 Cal. 388, 400; *Reis* v. *Lawrence,* 63 Cal. 138; *Robertson* v. *Bradford,* 70 Ala. 388; *Sidway* v. *Lawson,* 58 Ark. 122; *Israel* v. *Arthur,* 7 Colo. 11, 1 Pac. 438; *Yeatman* v. *Day,* 79 Ky. 190; *Grady* v. *Dundon,* 30 Ore. 388, 47 Pac. 915; *Wells-Fargo Co.* v. *Clarkson,* 5 Mont. 336, 342; *McDaniel* v. *Correll,* 19 Ill. 226; *Sharman* v. *Huot,* 20 Mont. 555, 557.)

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

If the complaint states a cause of action, the district court was right in ordering a new trial; otherwise the order must be reversed. The question for decision therefore is, are the allegations of the complaint sufficient to make out a *prima facie* case that the sale was avoided by reason of the inadequacy of the price, or for want of notice by the sheriff, or because the property was sold in gross, or by reason of a violation by the plaintiff of the agreement for delay?

1. Before noticing these features of the case, we remark that the allegation of the complaint touching the entry of judgment is pregnant with the admission that judgment was in fact entered before the writ was issued, for the allegation is that the judgment was not properly entered. Wherein the entry was defective, if such was the case, is not pointed out. There is presented no statement in this allegation upon which an issue of fact may be made. It is merely a bald conclusion of law, which is wholly insufficient.

Touching the failure of the clerk to affix the seal to the writ, we refer to the decision in the case of *Kipp* v. *Burton,* 29 Mont. 96, 74 Pac. 85, wherein it was held that the omission of this duty on the part of the clerk rendered the sale voidable, not void, and that in any event the defect was cured and the sale

validated by the Act of March 2, 1899 (Session Laws 1899, p. 145). Furthermore, the complaint does not refer to this feature of the sale as a ground of relief in this action. Again, the statute (Code of Civil Procedure, Sec. 1210) declares that a party in whose favor judgment is given may at any time within six years after the entry thereof have a writ of execution issued for its enforcement. The making up of the judgment roll required by Section 1196 is not made a prerequisite to the issuance of execution. The roll must be made after judgment has been entered, not before. If the writ may be issued at any time after entry of judgment, it may, of course, be enforced, whether the duty enjoined upon the clerk by Section 1196 has or has not been performed. (*Sharp* v. *Lumley*, 34 Cal. 611.)

2. As to the inadequacy of consideration: The requirement of the statute is that all sales of property under execution shall be made at auction to the highest bidder. (Code of Civil Procedure, Sec. 1227.) It is not alleged that the sale in question was attended by any irregularity on the part of the sheriff or the plaintiff in the writ, or that any mistake, surprise, accident, misconduct or fraud intervened, by which the inadequacy of price was brought about. There is nothing alleged from which even a remote inference can be drawn that the sale was not properly conducted, in the utmost good faith, or that the sheriff or the plaintiff in the writ did anything to prevent competition in the bidding. So far as the allegations show to the contrary, the small price realized may have been the result of lack of bidders, or incumbrances upon the property, or a variety of other causes over which the sheriff and the plaintiff had no control, or with which they had no connection. The plaintiff had the right to collect his judgment. He was under no obligation to bid more than he deemed proper—certainly not more than the amount of his judgment. He was at liberty to act as he chose in the matter; leaving it to others to bid above him, or to the defendant to redeem within the statutory time for redemption. This provision for redemption was ample protection to the plaintiff against the sacrifice of her property, and it is

not alleged that she did not have the knowledge and opportunity to avail herself of this protection before the time for redemption had expired. Mere inadequacy of price, not attended by circumstances of fraud, misconduct, accident, mistake or surprise tending to influence the result, is not sufficient to invalidate such a sale. Otherwise the mere lack of competitive bids, or the intervening of any like circumstance whereby the price realized should be deemed inadequate, would be sufficient to render questionable the title obtained by sale under execution. (*First Nat'l Bank of Deadwood* v. *Black Hills Fair Ass'n,* 2 S. Dak. 145, 48 N. W. 852; *Hollister* v. *Vanderlin,* 165 Pa. St. 248, 30 Atl. 1002, 44 Am. St. Rep. 657; *House et al.* v. *Robertson,* (Tex. Civ. App.) 34 S. W. 640; *Carson* v. *Ambrose,* 183 Pa. St. 88, 38 Atl. 508; *Felton* v. *Felton,* 175 Pa. St. 44, 34 Atl. 312; *Fullerton* v. *Seiper,* (N. J. Ch.) 34 Atl. 680; *Smith* v. *Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Ingram* v. *Belk,* 2 Strobhart's Law, 207, 47 Am. Dec. 591; *Central Pac. R. R. Co.* v. *Creed,* 70 Cal. 497, 11 Pac. 772.) This rule obtains generally with reference to judicial sales, as well as to sales under execution, and is applied more rigorously in those states in which the right of redemption exists. A gross inadequacy of price is competent, so far as it goes, to establish fraud; but it is not in itself, in the absence of other circumstances tending to show fraudulent behavior on the part of the sheriff or the plaintiff in the writ, enough to warrant the presumption that the sale was fraudulent.

3.    The statute provides that notice shall be given by posting written notices, particularly describing the property, for twenty days, in three public places in the township or city where it is situated, and also where the sale is to take place, which may be at the courthouse or on the premises, and by publication of a copy thereof once a week for the same period in some newspaper published in the county. (Code of Civil Procedure, Sec. 1225.) Section 1226 declares that "an officer selling without the notice prescribed by the last section forfeits five hundred dollars to the aggrieved party, in addition to his actual damages." It will

be observed that the allegation of want of notice in the complaint is also pregnant with the admission that some sort of notice was given; but, assuming the allegation to be sufficient to present an issue on this point, was the sale therefore void? Counsel for respondent makes the contention that the provisions of Section 1225, *supra,* are mandatory, and must be strictly pursued. This is the rule in some of the states, particularly where sales not made in strict conformity with the statute are declared by the statute itself to be void. This rule prevails in Tennessee. (*Lafferty* v. *Conn,* 3 Sneed, 221; *Lloyd* v. *Anglin's Lessee,* 7 Yerg. 428.) But in the absence of such a provision in the statute itself, the preponderance of authority is in favor of the view that the requirement as to notice is directory only, and that the failure to observe it does not avoid the sale as against a purchaser who is himself free from fault. (2 Freeman on Executions, 2d Ed., Sec. 286; *Smith* v. *Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Blood* v. *Light,* 38 Cal. 649, 99 Am. Dec. 441; *Frink* v. *Roe,* 70 Cal. 296, 11 Pac. 820; *Webber* v. *Cox,* 6 T. B. Mon. 110, 17 Am. Dec. 127; *Hayden* v. *Dunlap,* 3 Bibb. 216; *Ware* v. *Bradford,* 2 Ala. (N. S.) 676, 36 Am. Dec. 427; *Brooks* v. *Rooney,* 11 Ga. 423, 56 Am. Dec. 436; *Maddox* v. *Sullivan,* 2 Rich. Eq. (S. C.) 4, 44 Am. Dec. 234, and cases cited in note.)

For another reason the sale is not void for want of notice. If we construe together the sections of the statute cited *supra,* we must conclude that it was the intention of the legislature to provide by Section 1226 an adequate remedy for a default on the part of the sheriff in the matter of notice. The remedy provided is not that the sale shall be void, but that the sheriff shall forfeit the sum of $500 to the aggrieved party, and, besides, pay such damages as may be actually suffered by him. This remedy must be deemed exclusive, upon the theory that a court of equity will not interfere when the remedy at law is adequate. (*Smith* v. *Randall,* 6 Cal. 47, 65 Am. Dec. 475.)

4. It is argued that the lot consists of two parcels—the north half and the south half—and that the sale of the whole as one

parcel was such an irregularity that it should be held to vitiate it. Section 1227 of the Code of Civil Procedure provides that, "when the sale is of real property consisting of several known lots or parcels, they must be sold separately." It also provides that in such case, if the debtor is present and directs the order in which the parcels shall be sold, the sheriff shall follow such direction. Adopting, for the purpose of this case, the theory of the plaintiff that these provisions are mandatory, and that a sale made in violation of them is void, the allegations of the complaint are not sufficient to bring the case within the purview of the statute. The property must, under its terms, consist not only of lots or parcels, but of known lots or parcels. It might be in a particular case that the situation and description of the lands sold would be sufficient to indicate that they were known lots or parcels, or that they were of an area so great in extent that it would be the manifest duty of the sheriff to sell them in parcels; but this inference would not be indulged with reference to a single lot of small area in a city, such as is the case here. The law presumes that official duty has been performed (Code of Civil Procedure, Sec. 3266), and this presumption must be indulged until rebutted by sufficient allegation and proof. So far as the pleadings show, the property may actually have been offered in different lots, and sold in gross only after it was found that there were no bidders for the different parcels. In such case the sale may lawfully be made in gross, for the creditor is not to be foreclosed of his effort to collect his debt by the mere want of bidders for the different parcels. Here, again, the provision for redemption affords protection to the debtor; and, in the absence of a specific allegation of circumstances tending to show that plaintiff was prevented from availing herself of this protection, she should not be heard to complain.

5. The last point made is that the sale is void because made in violation of an agreement on the part of the defendant with the agent of the plaintiff that the judgment against the plaintiff should not be enforced until the settlement of the claim of Rand

against the firm of Kipp Bros. had been made. It is sufficient to say of this agreement that it was for no definite time, and, so far as the complaint shows, was based upon no consideration. By it Rand did not bind himself to bring suit against Kipp Bros., or to have a settlement of his claim with them within any definite time; nor did the defendant in this case undertake to extend the delay to any definite time upon any consideration whatever. The agreement, at most, amounts merely to a voluntary promise on the part of Kipp, without consideration, to extend the time for the payment of the judgment. This was not binding upon him. Even if it were, the plaintiff does not allege that she was so deceived or misled by the agreement that she for that reason failed to pay the judgment against her or redeem the property after the sale.

The most that can be said of any of the defects in the proceedings of the sheriff resulting in his deed to the defendant is that they rendered the sale voidable only. Should this be conceded, however, the plaintiff is not entitled to relief, for the reason that the Act of the legislature cited *supra* cured all of these defects, and rendered the defendant's title good. (*Kipp v. Burton, supra.*)

The evidence was properly excluded. It follows that the order must be reversed.

*Reversed.*

---

30 289
32 44

