HINDERAGER, RESPONDENT, *v.* MacGINNISS, APPELLANT.

(No. 4,689.)

(Submitted March 14, 1922. Decided April 17, 1922.)

[206 Pac. 440.]

*Ejectment—Execution Sales—Irregularities—Sale en Masse— Laches.*

Real Property—Execution Sale—Irregularity—Sale *en Masse*—Unreasonable Delay in Asking for Relief.
    1. An execution sale of real property will not be set aside for irregularity in making it *en masse* instead of offering it in separate parcels, unless effort in that behalf is made before the period of redemption has expired.

Same—Execution Sale—Sale *en Masse*—Laches.
    2. Under the above rule, *held* that defendant in an action in eject-ment was guilty of laches in permitting three years to elapse after execution sale, before making claim that it was void because the land had been sold *en masse*, precluding him from asserting his alleged right.

*Appeals from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by E. K. Hinderager against John MacGinniss. Judgment for plaintiff, from which, as well as the order denying a new trial, defendant appeals. Affirmed.

*Messrs. Pray & Callaway* and *Mr. John F. Davies,* for Appellant, submitted a brief; *Mr. Callaway* argued the cause orally.

The judicial sale through which the plaintiff claims was of no effect. The court found that the property was purchased by Emerson-Brantingham Implement Company for the sum of $836.75. The land lay in three separate parcels. It would have been practical for the sheriff to have sold these in separate parcels instead of *en masse.* It was practical to have offered the land for sale in legal subdivisions. Considering that the land was worth at least $10,000 as testified by defendant, and the fact that it was sold for $836.75, and sold

*en masse* rather than in subdivisions, there is at once evident
such a gross inadequacy of price as to shock the conscience of
the court. In such case the sale cannot be upheld. (*Daley*
v. *Ely*, 51 N. J. Eq. 104, 26 Atl. 263; *Banning* v. *Penderey*, 7
Ohio Dec. (Reprint) 677, 4 Wkly. Law Bul. 912; *Hardin* v.
*Smith*, 49 Tex. 420; *Sinnet* v. *Cralle's Admr.*, 4 W. Va. 600.)
In addition to the inadequacy of price it appeared that a
better price might have been obtained by a sale in parcels.
(*Ryan* v. *Wilson*, 64 N. J. Eq. 797, 52 Atl. 993.)

*Messrs. McKenzie & McKenzie*, for Respondent, submitted a
brief; *Mr. John McKenzie* argued the cause orally.

Mere inadequacy of price not attended by circumstances of
fraud, misconduct, accident, mistake or surprise tending to
influence the result is not sufficient to invalidate a sale. Nor
will a sale *en masse* invalidate a sale as the statutory pro-
vision for redemption affords protection to the debtor. (*Bur-
ton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563; 25 Am. & Eng. Ency.
of Law, 2d ed., 793.) A court of equity will not set aside a
sale for irregularity of sale *en masse* after the period of re-
demption has expired and the sheriff has given a deed and
the title has vested in a third party. (*Love* v. *Cherry*, 24
Iowa, 204.) When irregularities are of such a character as to
make the sale on execution voidable rather than void, a *bona
fide* purchaser acquires under the sale a title which cannot
be assailed by reason of such irregularities. (10 R. C. L.
1336; note, 21 L. R. A. 39.)

MR. CHIEF COMMISSIONER STARK prepared the
opinion of the court.

This action was brought by plaintiff to recover the posses-
sion of a tract of land located in Cascade county, which he
claimed to own, and the possession of which he alleged the
defendant unlawfully withheld from him. Plaintiff obtained
judgment in the lower court, from which, as well as from the

order of the court denying his motion for a new trial, the defendant appealed.

The case was tried in the lower court immediately following the case of *MacGinniss Realty Co.* v. *Hinderager*, from which an appeal was also taken, and which was this day decided by the court, being case No. 4688 (*ante*, p. 172, 206 Pac. 436). It was stipulated by counsel for the respective parties, at the trial, that the testimony introduced in the case of *MacGinniss Realty Co.* v. *Hinderager* should be introduced as the testimony in the instant case in view of the fact that the same land was involved and the same contention with reference to Hinderager's title thereto was made in both cases.

It having been determined by the decision in case No. 4688 that Hinderager's title to the land involved was not vulnerable to the assault made upon it therein, it follows that as to matters therein determined he should prevail on this appeal.

The defendant in this case seeks to make an additional point [1, 2] against the Hinderager title, claiming that the judicial sale through which he claims was of no effect because the sheriff sold the land *en masse* instead of offering it in separate parcels, and that the price paid at the sale was grossly inadequate.

Without undertaking to decide what the effect of this contention would have been if seasonably made, we observe that the record in the case shows that the sheriff's sale was held on April 27, 1916, and the deed issued thereunder on May 3, 1917; that the grantee under the sheriff's deed conveyed the land to the plaintiff on May 3, 1917; and that, so far as we are able to ascertain, this matter was first suggested in the defendant's second amended answer which was filed in this case on April 12, 1919, or fifteen days less than three years after the sale was made.

By standing by for that period of time without making any move to assert his rights under the proposed irregularity, we think the defendant was guilty of such laches as precludes him from asserting them in this action.

In Freeman on Executions, third edition, section 296, it is said: "What is to be regarded as a seasonable application for relief from a sale *en masse* has not been very frequently discussed; and no doubt, when it shall have been so discussed, the conclusions reached in the different states will not be entirely uniform. When the property sold is subject to redemption within a stated time, it has been held, and we think justly, that the motion to vacate must, in ordinary cases, be interposed before the expiration of such time." (See, also, *Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563; *Thomas* v. *Thomas*, 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283.)

On the authority of *MacGinniss Realty Co.* v. *Hinderager*, *supra*, we recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*