No. 89-48

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

KANSAS CITY LIFE INSURANCE COMPANY,
a corporation,

        Plaintiff and Respondent,

   -vs-

BRATSKY FARMS, a Montana corporation,

        Defendant and Appellant.


APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        L. R. Bretz, In Propria Persona, Billings, Montana

    For Respondent:

        Byron H. Dunbar, U.S. Attorney; Frank D. Meglen
        Asst. U.S. Atty., Billings, Montana


Submitted on Briefs: July 7, 1989

Decided: August 11, 1989

Filed:

_____
        Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

L.R. Bretz appears pro per as the sole stockholder of Bratsky Farms, Inc. He appeals from an order of the District Court for the Thirteenth Judicial District, Yellowstone County, which denied his motion to vacate an October 31, 1988, order denying a motion to quash or vacate a writ of assistance. We affirm.

Bretz raises five issues relating to the validity of a foreclosure sale of property owned by Bratsky Farms, Inc.

Bratsky Farms, Inc., owned a ranch in Carbon County, Montana, on which Kansas City Life Insurance Company held a mortgage. The individuals named as defendants in this action held stock in Bratsky Farms, Inc., at the time this action was filed. On March 19, 1984, the District Court issued a Judgment and Decree of Foreclosure against the defendants. On the same date, the court issued an order of sale of the property. Also on that date, Bratsky Farms, Inc., filed for bankruptcy, resulting in an automatic stay of the foreclosure proceedings.

On February 26, 1985, after the stay was lifted by order of the bankruptcy court, the Carbon County Sheriff issued a certificate of sale to Kansas City Life Insurance Company. On February 20, 1986, the Farmers Home Administration (FmHA), a junior lienholder, redeemed the property by paying Kansas City Life Insurance Company the sum of $337,384.77. The Bratskys made application to lease the property from FmHA, but their application was rejected and their right to appeal that decision has been exhausted.

Bretz claims sole shareholder status in Bratsky Farms, Inc., beginning January 15, 1988. On June 1, 1988, FmHA filed a motion for an order for writ of assistance, asking

for assistance to obtain immediate possession of the ranch, which Leo C. and Louise J. Bratsky still occupied. The writ was issued June 1, 1988. It commanded the sheriff of Carbon County to enter the property and eject the Bratskys.

Bretz filed a motion to quash the writ of assistance. The District Court denied the motion and Bretz appeals.

I.

Was the sheriff's sale void because it was based on improper statutory notice?

Bretz argues that the publication notice of the February 26, 1985, sheriff's sale did not comply with § 25-13-701, MCA. He also argues that due process was denied him because actual notice of the sale was never given to Bratsky Farms, Inc., or to its trustee in bankruptcy.

Section 25-13-701, MCA, requires that notice of sale on execution be given

> (c) in case of real property, by posting a similar notice, particularly describing the property, for 20 days in three public places in the county where the property is situated and also where the property is to be sold, which may be either at the courthouse or on the premises, and publishing a copy thereof once a week for the same period in some newspaper published in the county, if there be one, which notice shall be substantially as follows: . . .

The affidavit of publication shows that notice was published on February 7, 14, and 21, 1985. The sheriff's sale took place on February 26, 1985. Bretz points out that only 19 days passed between the date of the first posted notice and the date of the sale.

The District Court cited Burton v. Kipp (1904), 30 Mont. 275, 76 P. 563. In that case, this Court held that the notice requirement in the antecedent to the above statute is directory only and that the failure to observe it does not

3

avoid the sale as to a purchaser who is free from fault. Burton, 76 P. at 566. The Court also held that the remedy provided in what is now § 25-13-702, MCA, (that a sheriff selling without the required notice is liable for $500 to the aggrieved party) must be deemed exclusive.

Bretz cites several cases involving sheriff's sales of personal property, but those cases do not apply here, as this was a sale of real property. He also cites Sink v. Squire (Mont. 1989), 769 P.2d 706, 46 St.Rep. 352, which discussed service of process, not notice of a sheriff's sale. We hold that Burton controls and that the provision of 19 days' notice instead of 20 days' notice does not invalidate the sheriff's sale.

### III.

Is the FmHA notice of redemption deficient?

Bretz argues that the FmHA notice of redemption is deficient in that it does not set forth exactly what was owed on the judgment, what the purchase price was, what interest had been paid, what taxes had been paid, or what the purchaser's lien debt was. He also points out that the notice erroneously gives the date of the foreclosure sale as April 24, 1984.

Section 25-13-806, MCA, sets forth the requirement for a notice of redemption:

> Notice of redemption, liens, and taxes and assessments paid. Written notice of redemption must be given to the sheriff and a duplicate filed with the county clerk, and if any taxes or assessments are paid by the redemptioner or if he has or acquired any liens other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff and filed with the county clerk, and if such notice be not filed, the property may be redeemed without paying such tax, assessments, or lien.

4

The statute does not require that the notice include any of the information Bretz lists. The notice of redemption given in this case provided a description of the real property, the date of the judgment and decree of foreclosure, and the amount of the judgment. It gave the total amount paid in redemption and was signed by an agent of FmHA as redemptioner. It is true that the date given in the notice as the date of the foreclosure sale is incorrect; it is the date of the originally-scheduled sale, before the bankruptcy. However, the statute does not require that the date of the foreclosure sale be stated in the notice. We conclude that the information provided was sufficient for the purpose of giving notice. We hold that the notice of redemption is not deficient.

### III.

Is the sheriff's deed void and invalid as a basis for the writ of assistance?

Bretz argues that a sheriff's deed cannot be issued until 60 days after a notice of redemption has been given. The redemption by FmHA occurred in February 1986 and notice of redemption was dated June 17, 1986. The sheriff's deed is dated July 7, 1986.

Section 25-13-810, MCA, provides:

> When purchaser entitled to conveyance. If no redemption be made within 1 year after the sale, the purchaser or his assignee is entitled to a conveyance; or if so redeemed, whenever 60 days have elapsed and no other redemption has been made and notice thereof given and the time for redemption has expired, the last redemptioner or his assignee is entitled to a sheriff's deed; but in all cases, the judgment debtor shall have the entire period of 1 year from the date of the sale to redeem the property.

The statute allows a sheriff's deed to be issued when 1) 60 days have elapsed after the redemption, 2) no other

5

redemption has been made, 3) notice of redemption has been given, and 4) the time for redemption has expired. The statute gives no time requirement related to the notice. We hold that the sheriff's deed is valid as a basis for the writ of assistance.

## IV.

Did the failure to provide Bratsky Farms, Inc., with actual notice of the setting of the judicial sale of the property deny due process?

Bretz cites Peterson v. Montana Bank of Bozeman, N.A. (1984), 212 Mont. 37, 687 P.2d 673, as authority that actual notice must be given to the mortgager before a judicial sale may be held. However, the holding in Peterson was limited to the situation presented there. Factors included no court record of posting of notice of the sale, inadequacy of the purchase price at the sale, and a sale of realty treated as a sale of personal property. Peterson, 687 P.2d at 680.

Section 25-13-701, MCA, set forth above under Issue II, does not require personal notice to the mortgager in sales on execution of judgment on real property. In the present case, the stockholders of Bratsky Farms, Inc., were represented by counsel and appeared in person at the proceedings leading up to the judgment against them, before the execution sale. We hold that the failure to provide Bratsky Farms, Inc., with actual notice of the judicial sale did not deny due process of the law.

## V.

Did the District Court err in issuing a Writ of Assistance because the record fails to show that FmHA was entitled to the writ?

Bretz argues that the following defects were present in the motion for an order of writ of assistance: the affidavit in support of the FmHA motion showed the wrong dates for the

6

sheriff's sale and the certificate of sale; no judgment was properly obtained; there was no proper notice of redemption, no proper publication of notice of sale, and no actual notice of sale; the redemption time was exceeded according to the dates given on the notice; and the sheriff's deed was issued too early.

Many of the defects claimed under this issue are discussed under the other issues in this appeal. It is true that the dates given in the affidavit as the dates of the sheriff's sale and the certificate of sale were incorrect. We admonish respondent's counsel, who executed the affidavit in support of the motion for the writ, to exercise caution in insuring the accuracy of his filings.

For a writ of assistance to properly issue, there must be a judgment, a sale conducted according to the judgment, and a sheriff's deed to the property. Federal Land Bank of Spokane v. Heidema (Mont. 1986), 727 P.2d 1336, 43 St.Rep. 2020. The record shows that those elements were present here and met the statutory requirements. We hold that the District Court did not err in issuing the Writ of Assistance.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7