### WILSON *vs.* McHUGH & AL.

Where the plaintiff failed to make out his case, judgment of non suit was properly rendered.

APPEAL from the court of the parish and city of New-Orleans.

The plaintiff alleged that he purchased of McHugh, a tavern establishment with its furniture, fixtures and stock. That he remained in possession thereof about five months, when during a temporary absence from the state, and while the establishment was in charge of his agent, McHugh took forcible possession, and sold it to Sears, the other defendant. He prayed that the defendants be decreed to deliver up the establishment together with damages. The defendants pleaded the general issue.

It appeared from the evidence, that Mc-Hugh had agreed to sell out the establishment to the plaintiff, who was his bar keeper, but no price was fixed upon. After this agreement to sell, the plaintiff carried on the business in his own name, furnished supplies and paid the rent. That prior to his departure from the state, an inventory was taken of the furniture and stock to enable the plaintiff to come to a settlement with McHugh, but it did not appear that any settlement ever took place. After the departure of the plaintiff, McHugh took possession of the establishment, and as stated in the petition, sold it to Sears, the other defendant. There was judgment of non-suit in the court below, and the plaintiff appealed.

*Roselius,* for appellant, assigned for error.

**1.** The court below erred in giving judgment of non-suit, because, as regards moveable property, delivery and possession is the best evidence of the completion of the sale.

**2.** The plaintiff is entitled to recover the damages claimed, because there is sufficient proof on the record to establish the loss sustained by him. Durnford vs. the syndics of Brooks, 3 Mart. Rep. 322, C. C. art. 1916,

*Eastern District.*
*May,* 1830.

WILSON
*vs.*
McHUGH & AL.

1917, 2243.    Pothier *con de vente* No. 319.
Toulier vol. 7, p. 54, No. 35.

*Sterrett*, contra.

To constitute a perfect sale, three things are necessary: the thing sold, the price and the consent; and there is no proof that any price was fixed upon.    C. C. art. 2414, 2437.

MARTIN J. delivered the opinion of the court. The plaintiff sets forth he purchased from the defendant McHugh, a tavern establishment with the furniture, fixtures and stock, and was put in possession thereof, and afterwards, in his absence, the said defendant illegally possessed himself of the premises, and sold and delivered them to the other defendant. The petition concludes with a prayer for damages.

The defendants severed in their pleas; they both pleaded the general issue; but the last defendant added thereto a plea of reconvention.

There was a judgment of non-suit, and the plaintiff appealed. His counsel has assigned as errors apparent on the face of the record, that,

1. The court erred in non-suiting him, as

with regard to personal property, delivery of

possession is the best evidence of the completion of the sale.

2. The plaintiff was entitled to damages, as there was evidence of the loss he sustained, and the profits he was deprived of, as there is a statement of facts, we have examined the case on the merits, independently of the assignment of errors.

From the testimony, the judge *a quo* has concluded no complete sale took place, as it does not appear that any price was agreed on. The plaintiff was in possession of the premises as bar keeper of the defendant Wilson, who entered into some arrangements for a sale; during this period the plaintiff, continuing as bar keeper to be in possession. After his departure, the defendant McHugh, seeing the bargain had not been brought to a conclusion, sold to the other defendant.

Such is the view the inferior judge has taken. The testimony is far from being complete either way, but in our opinion preponderates in favour of the defendant.

*Where the plaintiff failed to make out his case, judgment of non suit was properly rendered.*

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.