## GALES *v.* CHRISTY, Assignee.

A judgment obtained against a natural tutrix, ascertaining the amount due by her to her minor children, is not evidence against the defendant in an action to enforce the tacit mortgage of the minors against their tutrix on property in the hands of an assignee of one, who acquired by purchase at a judicial sale of the effects of the community formerly existing between the mother and the father of the minors, made before the date of the judgment.

Art. 2428 C. C., which declares that property claimed in an action cannot be alienated, pending the action, to the prejudice of the plaintiff, does not apply to one who purchases real estate pending an action against the owner to recover a balance alleged to be due by him as tutor, the action being not for the land itself but for a sum of money. And one who claims to exercise a mortgage on the property for the debt so ascertained to be due to the minors, must produce other evidence than the judgment to establish the debt, the judgment being as to the purchaser *res inter alios*.

A sale under execution of "all the rights, claims, demands and interest which the heirs of A. have upon their mother and natural tutrix, on account of their inheritance from &c.," is void for vagueness and insufficiency in the description of the thing sold. The nature of the rights, interest, claims and demands should have been so stated as to give bidders a clue to their value. Art. 647 C. P. does not dispense with a proper description of the rights and credits seized.

As against himself and those he represents, a man's actions and representations will be presumed to correspond with the truth. They are in all cases evidence of the fact; and where a party has induced another to act on the faith of such representations, and where he cannot show the contrary without a breach of good faith and common honesty, such representations are usually absolutely conclusive.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *A.* and *W. D. Hennen*, for the appellants. *Micou, Lockett* and *Goold*, for the defendants. The judgment of the court *(King*, J. absent,) was pronounced by

ROST, J. This is an action against a third possessor, to enforce the tacit mortgage of minors against their mother and natural tutrix, on property alienated by her pending the tutorship. The nature of the claim can best be explained by stating the origin of the alleged debt, and the chain of title under which the City Bank, the real defendant in interest, holds the property.

*Thomas Beale, sr.*, died in 1819, having, before his death, conveyed his property to a natural son, who died about the same time. After the death of *Beale* and his son, *J. Wistar*, one of his creditors, brought suit against *Mrs. Beale*, as widow in community and tutrix of her minor children, in the United States Court. *Mrs. Beale* successfully defended herself from this claim, on the ground that it had been contracted before her marriage with the deceased, and did not constitute a debt of the community; but a judgment was obtained, in May, 1829, against her minor children for $6705 80, besides interest. Under this judgment execution issued, and, after various proceedings, the *rights* and *claims*, *demands* and *interest* which the minors had against their mother and natural tutrix for and on account of their inheritance from their father, were advertized and sold by the marshal. The deed given by him to the purchaser is, after reciting the seizure, sale and receipt of the price, in these words : " Now, therefore know all men by these presents, that I the said marshal do, in consideration of premises and by virtue of the act in such case made and provided, grant, bargain, sell, assign and set over to the said *Alfred Hennen*, as trustee and agent for *Eliza H. Gales*, and to his heirs and assigns forever, all the aforesaid rights, claims, demands and interest, which the said heirs of *Thomas Beale, sr.*, had upon their mother and natural tutrix, *Mrs. Beale*, widow of *Thomas Beale, sr.*, deceased, as aforesaid, on the 29th day of May, 1829, or as at any time since, on account of their inheritance as aforesaid, to hold the same to the said *Alfred Hennen*, as trustee and agent for the said *Eliza H. Gales*, and to his heirs and assigns forever." This adjudication was made for $300.

Soon afterwards, a suit was instituted in the United States court by the present plaintiff against *Mrs. Beale*, alleging, that the latter was indebted to her minor children, to the amount of $20,000; that, by the marshal's sale for $300, the petitioner had become subrogated to the rights of the minors ; and claiming judgment accordingly. The case was tried in the absence of the defendant's counsel, and judgment recovered against her. She applied for and obtained a new trial, and, about eighteen months afterwards, in the year 1837, the cause was taken up again in the absence of her counsel, and judgment was rendered against her for $8,252 50.

Pending those proceedings, the simulated sales made by *Beale, sr.*, to his natural son, had been set aside by decree of court, and the widow in community and children obtained possession of a plantation in the parish of Jefferson, and a few negroes. *Beale v. Delaney, et al.*, 6 Mart. N. S. 643.

An order of court was obtained in the parish of Jefferson, for the sale of the property recovered, and, at this sale, *D. F. Walden* became the purchaser, in 1831. The minor heirs subsequently brought suit against him for an undivided half of the property, on account of informalities in the proceedings, and recovered judgment. *Beale et al.* v. *Walden*, 11 Rob. 68. In 1839, *Walden* gave a mortgage to the City Bank, under which his remaining half interest was sold by the

295

sheriff, and the City Bank became the purchaser. The title of the City Bank is consequently derived from *Mrs. Beale*, and the plaintiff alleges that, while the property was in the hands of the said *Mrs. Beale*, it was affected by the tacit mortgage of her minor children to secure the debt due by her to them; that she is subrogated to their rights, and that the property in the hands of the bank remains liable to the mortgage.

The defence set up is: 1st. That the judgment of· *Wistar* against the minor heirs is null: 2d. That the sale of their rights under execution was null: 3d. That the judgment obtained by the plaintiff against *Mrs. Beale* has no effect upon the property acquired by the City Bank from *Walden*: 4th. That *Mrs. Beale* was not indebted to her minor children: 5th. That if there ever existed such a mortgage upon this land, as by plaintiff alleged, it is extinguished by prescription: 6th. That the pretended proceedings by which a judgment was obtained against *Mrs. Beale*, were fraudulent and collusive. This defence was sustained by the District court, and the plaintiff appealed.

Under the facts of the case the judgment obtained by the plaintiff against *Mrs. Beale* was not evidence, as against the City Bank.

The pleas that *Mrs. Beale* was not indebted to her children in any amount whatever, and that the judgment was obtained against her by fraud and collusion, involve negative propositions, which it was not in her power to prove conclusively. *Sorapuru* v. *Lacroix*, 1 La. 380. *Beard* v. *Bijeaux*, 8 Martin, N. S. 462. The subject matter of these negative averments being peculiarly within the knowledge of the plaintiff, those averments should perhaps be taken for true, unless disproved by her. But the defendants have gone further, and introduced evidence which affords ground for presuming that the first, at least, of those averments is true. 1 Greenleaf, Ev. nos. 78, 79.

It is urged, on behalf of the plaintiff, that *Walden* purchased the plantation during the pendency of her suit against *Mrs. Beale* in the United States Court, and that, under art. 2428 C. C. he has no greater rights than his vendor. The District court correctly held that the claim of the plaintiff in that suit, not being for the plantation but simply for a sum of money, the article of the Code relied on did not apply, and that *Walden* should be held in the light of a third person. It was therefore incumbent on the plaintiff, when claiming to exercise a mortgage on the property, to prove by other evidence the existence of her claim. This, we are of opinion, she has failed to do. The evidence in the record, on the contrary, raises a very strong presumption that no indebtedness existed, and that, if *Mrs. Beale* had been properly defended, judgment must have been rendered in her favor.

Being of opinion that the judgment in the suit of *Mrs. Gales* v. *Mrs. Beale* is not evidence in favor of the present plaintiff, the question then arises what effect is to be given to the judgment of *Wistar* and the proceedings under it, against the present defendants.

It is probably true, as alleged by the plaintiff's counsel, that the only questions that the defendants have the right to raise against that judgment are, want of jurisdiction in the federal court and fraud in the parties; and we agree with him that the first is untenable, and the second not proved.

It was not necessary, under the rules of practice in force at that time in the courts of the United States, to appraise moveables or credits, taken under execution. But we are of opinion that the judicial sale to the plaintiff of the rights, interests, claims and demands of the heirs of *Thomas Beale, sr.*, in right of their inheritance of their deceased father, on their mother and tutrix, is void, by reason

<div style="margin-left:margin">
</div>

of the vagueness and insufficiency of the description of the thing sold. The nature of the rights, interests, claims and demands should have been stated in such a manner, as to give bidders a clue to their value. Art. 647 C. P. authorizing the seizure of the rights and credits of the debtor when he has neither moveable nor immovable property nor slaves, does not dispense with a proper description of the rights and credits seized. The seizure and sale made in this case were illegal and void. *McDonough* v. *Gravier's curator*, 9 La. 542.

The record furnishes satisfactory evidence that, the counsel and agent of the plaintiff considered and treated the sale as a nullity. That agent was, from the beginning, the counsel of *Wistar* in his suit against the heirs of *Beale*. On the very next day after the marshal's deed was made to him for the plaintiff, a *pluries* writ of *fi. fa.* was issued in the suit of *Wistar* against the heirs of *Beale* for the entire amount of the judgment, without any credit whatever, for the proceeds of the former sale. This writ was returned unsatisfied, and some time after another was issued for the full amount of the judgment. The return on this writ shows that the land was seized and several times sold by the sheriff, that the purchasers all failed to comply with the terms of the sale, and that finally the entire amount of the judgment was paid, and the writ returned satisfied.

These proceedings were had under the direction and supervision of the plaintiff's agent, and his knowledge must be held to have affected her with notice. The legal presumption from his conduct operates in the nature of an admission that the first sale was a nullity, and that the price had never been paid; "for as against himself and those he represents, it is to be presumed that a man's actions and representations correspond with the truth. These are in all cases evidence of the fact; and where the party has induced another to act on the faith of such representations, and where he cannot show the contrary, without being guilty of a·breach of good faith and common honesty, such representations are usually not barely evidence of the fact, but are absolutely conclusive." Starkie, vol. 3, no. 1253. 1 Greenleaf, no. 27.

The record of the suit of the heirs of *Beale* v. *Walden*, shows also that *Beale's* heirs have treated the alienation of their rights of inheritance as a nullity, to the knowledge of the plaintiff's agent, and without opposition from him.

<div style="text-align:right"><em>Judgment affirmed.</em></div>