NORMA MINING CO. v. MACKAY. *

(Circuit Court of Appeals, Ninth Circuit. July 7, 1919.)

No. 3319.

1. EXECUTION ⬡222(1)—NOTICE OF SALE—SUFFICIENCY.

Under Civ. Code Ariz. 1901, par. 2570, providing that "real property taken in execution shall be sold at the courthouse door of the county wherein situated between the hours of ten o'clock a. m. and four o'clock p. m.," notice of a sale "between the legal hours" on a date named *held* sufficient.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*For opinion denying rehearing and modifying judgment, see 258 Fed. 991, — C.C.A. —.

2. MORTGAGES &—510(3)—FORECLOSURE SALE—NOTICE.

In a notice of the sale of property under foreclosure decree, a description of the property as given in the mortgage is sufficient.

3. MORTGAGES &—529(6)—FORECLOSURE SALE—INADEQUACY OF PRICE.

Refusal of a district court to set aside a second sale of property under a foreclosure decree on the ground of inadequacy of price *held* not error.

Appeal from the United States District Court for the District of Arizona; William H. Sawtelle, Judge.

Suit by Hugh Mackay against the Norma Mining Company. From an order confirming a sale under decree of foreclosure, defendant appeals. Affirmed on condition.

See, also, 241 Fed. 640, 154 C. C. A. 398.

This is an appeal from an order confirming a sale under a decree of foreclosure of two mortgages. The cause has been before this court before in the case of Norma Mining Company v. Mackay, 241 Fed. 640, 154 C. C. A. 398.

The facts are these: On March 18, 1916, Mackay secured a judgment against the Norma Mining Company for $22,958.09, with interest and costs. On May 18, 1916, the property was sold. On April 27, 1918, upon motion of Norma Mining Company, a resale of the property was ordered, and notice thereof was published in a newspaper of general circulation. The notice of sale recited that the property described would be offered for sale "between the legal hours of sale on Wednesday, the 12th day of June, 1918," at the courthouse door of Mojave county in the town of Kingman, Mojave county, Ariz. Pursuant to notice so given, the property was sold to Mackay by special master on June 12, 1918, for $27,574.28. Appellant moved to set aside the sale and for a resale on the ground that the notice did not give sufficient notice of the time of sale, in that it did not definitely state the hour of sale, or sufficiently describe the property, particularly as to the machinery and equipment to be sold.

The statute of Arizona providing for sales under execution (section 2570, R. S. 1901) provides: "In case of real property, by posting notices in three public places in the county, * * * and publishing a copy thereof in some newspaper printed within the county, * * * for three weeks before the day of sale. Such notices shall notice the judgment, parties, amount and court in which it was rendered, and particularly describe the property to be sold. Real property taken in execution shall be sold at the courthouse door of the county wherein situated between the hours of ten o'clock a. m. and four o'clock p. m."

Grant H. Smith, Maurice T. Dooling, Jr., and Lloyd Macomber, all of San Francisco, Cal., for appellant.

Robinson & Robinson, of Denver, Colo., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] We think that the notice was sufficient. The day and place of sale were given, and it was published that the sale would be between the legal hours of sale. The law fixed the legal hours as between 10 a. m. and 4 p. m., and the presumption is that the sale was had between such hours. In Burr et al. v. Borden, 61 Ill. 389, where a sale was made under a mortgage contract, it was announced that sale would be held "on the first of March, 1860, between the hours of nine a. m. and four p. m." Upon objection to such an advertisement, the court held that it was sufficient, and said:

---

&—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Persons who see the advertisement and desire to attend the sale can easily ascertain the hour by inquiring of the parties about to make the sale. If unwilling to wait at the appointed place, and if deceived by them and prevented from making the desired bid, the sale might be set aside. To require the advertisement to name the precise hour would lead to much practical inconvenience, and often necessitate a postponement of the sale. It is sometimes very desirable for the interests of the debtor to delay a sale for two or three hours in order to await the arrival of persons expected to bid; or, in consequence of a storm or some other unforeseen emergency. Moreover, if a particular hour were named in all cases, the question whether the sale had been held at the hour named would be a fruitful source of litigation. The mode adopted in this case has been so generally in use as the most convenient mode, and has been so free from any evil consequences, that we are not inclined to hold an advertisement in this form to be, of itself, a sufficient reason for setting aside a sale, the hours named being within the ordinary business hours of day."

In Evans v. Roberson, 92 Mo. 192, 4 S. W. 941, 1 Am. St. Rep. 701, sale of real estate was advertised to be held between the "lawful hours" of the day. The court held that the law fixed the hours of the day between which property must be sold, and that it was not necessary that the hour should be stated in the advertisement. Fitzpatrick v. Fitzpatrick, 6 R. I. 64, 75 Am. Dec. 681, cited by appellant is not pertinent because there the notice of sale bore no signature and gave no time or place of sale. In Bondurant v. Bondurant, 251 Ill. 324, 96 N. E. 306, the court refers to the statute as one which prohibits the sale unless the time of day is specified in the notice. In Jensen v. Andrews, 39 S. D. 104, 163 N. W. 571, the notice of sale recited that the property would be sold at the front door of the courthouse "on Saturday, the 14th day of February, 1914," etc. The court held the notice fatally defective because of failure to specify the hour of the day at which the sale would take place. The statute of· South Dakota (Code Civ. Proc.) § 640, prescribes that the notice shall specify the time and place of sale, and that sale must be between the hours of 9 o'clock in the forenoon and the setting of the sun on that day. The Arizona statute quoted in the statement does not contain a requirement that the notice shall specify the time and place of sale, although the general provision is that sale shall be between the hours of 10 o'clock a. m. and 4 o'clock p. m.

We cannot find that the notice complained of was inherently defective, and in the absence of a substantial showing of probable prejudice to the rights of the appellant, we believe that the court was right in refusing to hold the notice·insufficient.

[2] Appellant contends that the notice did not describe the property to be sold with sufficient certainty. But the description included within the notice is exactly as given in the mortgage under which the sale was made, and was sufficient.

[3] It is said that the consideration paid was inadequate. The property involved was first sold under decree of court on the 18th day of May, 1916, but, upon showing made by appellant that if a resale were had the property would probably sell for more, the first sale was set aside and another sale was ordered by the court. At the first sale Mackay, appellee herein, bought the property, paying therefor the amount of the judgment and costs. Now, two years later, the property has again

been sold to Mackay, appellee, for the amount of the judgment and costs and interest due at the time of the last sale. Appellant, in the motion to set aside the last sale, sets forth that in June, 1918, when the sale was made, the United States government was endeavoring to sell bonds for war purposes, and that the condition of the money market made it difficult to interest people in the purchase of property, and that the price paid was grossly inadequate. The support for the alleged inadequacy of price is an affidavit made in 1916 by an experienced mining man who deposed that he knew the property, and that in his opinion in 1916 it had a value in excess of $100,000, and that since that time the value of mining machinery and silver mining property had greatly increased. The affidavit gives no detailed facts upon which the opinion as to the value rests.

The showing did not appeal to the District Court as sufficient for ordering another sale, and fails to impress us with the belief that the District Court erred in its action.

The matter of sale was long protracted, and we find no valid reason for holding that the order of confirmation last made should be disturbed. Pewabic Mining Co. v. Mason, 145 U. S 349, 12 Sup. Ct. 887, 36 L. Ed. 732.

The order denying the motion to vacate the sale is affirmed.