FOX, RESPONDENT, *v.* CURRY, APPELLANT.

(No. 7,140.)

(Submitted November 20, 1933. Decided February 6, 1934.)

[29 Pac. (2d) 663.]

*Messrs. Hildebrand & Warren,* for Appellant, submitted a
brief; *Mr. Raymond Hildebrand* argued the cause orally.

214

*Messrs. Johnston, Coleman & Jameson,* for Respondent, sub-
mitted a brief; *Mr. W. M. Johnston* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by defendant from an order denying his motion to set aside an execution sale.

From the record it appears that plaintiff caused an execution to be issued upon a judgment in his favor rendered by the district court of Yellowstone county, requiring the sheriff of

Fallon county to satisfy the judgment out of property "belonging to Oakley Curry." Acting pursuant to the writ, the sheriff filed notice of a levy "upon the following property standing upon the records of Fallon county, Montana, in the name of the defendant Oakley Curry, to-wit: All oil and gas rights in, to and under" (here followed a description of thirteen tracts of land). The posted notice of sale contained the title of the court and cause, beneath which appeared "Sheriff's sale," and beneath that "To be sold at sheriff's sale on the 9th day of January, 1932, at 2 o'clock P. M. at the front door of the courthouse in Baker in Fallon county, Montana, the following described property: all oil and gas rights in, to and under" (describing ten of the tracts of land embraced in the notice of levy).

There was published in a newspaper a notice identical with that posted, except that the hour of the sale was omitted; this notice included the entire thirteen tracts of land mentioned in the levy. Prior to the hour designated in the posted notice, D. R. Young, Esq., informed the sheriff that, acting for Johnston, Coleman & Jameson, attorneys for the plaintiff, he would not bid for the oil and gas rights in three parcels described in the notice of levy, as it had been ascertained that defendant had no interest therein, and he would not bid upon any separate parcel unless someone first tendered a bid therefor; he would, however, bid for the oil and gas rights in the ten parcels described in the posted notice if the same were offered *en masse*. Mr. Young exhibited to the sheriff the correspondence between the attorneys for plaintiff and himself on the subject, which explained the limit of his authority. At the hour set for the sale, as specified in the posted notice, the sheriff read the notice and offered the property described for sale, and asked if there were any bids for any of the property offered. There were present at that time the plaintiff and Mr. Young only. Thereupon Mr. Young submitted a bid of $9,000 for the oil and gas rights in the ten tracts of land described in the posted notice of sale. No other bids being offered, the sheriff accepted the bid of Mr. Young, and the

property was struck off to plaintiff and his attorneys, Messrs. Johnston, Coleman & Jameson.

The plaintiff, when the writ of execution was levied and the property was sold, knew that the defendant did not have any interest in the gas rights in the ten tracts that were sold, and had so informed his counsel. The inclusion of the word "gas" in the levy and in the notices of sale was an inadvertence. Some time after the sheriff's sale, Mr. Johnston, attorney for the plaintiff, learned from Messrs. Hildebrand and Warren, attorneys for the defendant, that the defendant did not have any interest in the gas rights in any of the tracts of land in question. Being satisfied such was the fact, Mr. Johnston and his associates, including the plaintiff, executed and delivered to the owners thereof quitclaim deeds to the gas rights in the respective parcels, and this is admitted by the attorneys for the defendant. The defendant did not own any gas rights in any of the described land; he only owned a portion of the oil rights.

Before the time for redemption expired, the defendant filed in the action a motion to vacate and set aside the sale. After hearing testimony, the court overruled the motion.

1. The first specification of error is that the court erred in refusing to admit testimony as to the value of the gas rights, and as to the value of the oil rights upon the ground that such testimony was immaterial. As the defendant did not own any gas rights in the lands described, we fail to see how he was or is affected because the sheriff assumed to sell gas rights therein. The sheriff could not sell that which the defendant did not own. Upon an execution sale, it is only the title of the judgment debtor that passes. (*MacGinniss Realty Co.* v. *Hinderager*, 63 Mont. 172, 206 Pac. 436; *Sherlock* v. *Vinson*, 90 Mont. 235, 1 Pac. (2d) 71.) The pretended sale of property not belonging to defendant did not give him any cause to complain. We do not perceive how the reception of testimony respecting the value of the oil rights, the circumstances considered, would aid defendant.

"The mere inadequacy of price, not tainted by circumstances of fraud, misconduct, accident, mistake or surprise tending to influence the result, is not sufficient to invalidate such a sale. Otherwise the mere lack of competitive bids, or the intervening of any like circumstance whereby the price realized should be deemed inadequate, would be sufficient to render questionable the title obtained by sale under execution." (*Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563, citing many cases. And see *Norma Min. Co.* v. *Mackay*, (C. C. A.) 258 Fed. 914; *Bock* v. *Losekamp*, 179 Cal. 674, 179 Pac. 516; *Elliott & Healy* v. *Wirth*, 34 Idaho, 797, 198 Pac. 757; *Van Graafieland* v. *Wright*, 286 Mo. 414, 228 S. W. 465; *National Realty Sales Co.* v. *Ewing*, 55 Utah, 438, 186 Pac. 1103.)

Under the rule stated, defendant has not shown any circumstance sufficient to invalidate the sale because of inadequacy of price.

2. It is argued that the notice of sale published was not similar to that posted, the printed notice describing thirteen tracts and failing to give the hour of the day when the sale would be had, while the posted notice described ten tracts and the hour of the sale was given as 2 P. M.

Section 9434, Revised Codes 1921, provides: "All sales of property under execution must be made at auction, to the highest bidder, between the hours of nine in the morning and five in the afternoon. After sufficient property has been sold to satisfy the execution, no more can be sold. * * * When the sale is of real property, consisting of several known lots or parcels, they must be sold separately, or, when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion must be thus sold. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions."

The notice showed that the property was to be offered for sale in the case wherein E. F. Fox was plaintiff and Oakley

Curry was defendant, and was in the form prescribed in the statute. The only difference between the posted notice and the printed notice which is at all material to this inquiry is that the posted notice gave the hour of sale and the printed notice did not. In view of the fact that the statute does not require a definite hour to be stated, the omission of the hour in the printed notice was a mere irregularity not affecting the validity of the sale. (See *Norma Min. Co.* v. *Mackay,* (C. C. A.) 258 Fed. 914, and cases cited.)

We suggest to the Legislative Assembly, however, the propriety of amending sections 9432 and 9434 by prescribing the hour when the sale will be held. It is true that it is said in the opinion in *Norma Min. Co.* v. *Mackay* that the statute is better without that requirement. Notwithstanding the reasoning of its learned author, a former justice of this court, we are persuaded that more mischief will follow from the omission of a definite hour of sale than by prescribing one which will advise all that the sale will be held at a certain time. It seems to us that, when a sheriff is not obliged to fix a certain hour for a sale, when a latitude of from between 9 o'clock in the morning and 5 in the afternoon is reposed in him, and when he is permitted to make the sale at any time during that period, the parties to the action and intending purchasers are not given fair warning when the sale will take place. Often the ordinary busy man cannot afford to put in his time hunting up the sheriff to ascertain when the sale will take place, and indeed a sheriff may not have made up his mind when he will hold it unless he has given notice of it; and certainly the litigants and intending purchasers cannot be expected to sit around the sheriff's office or on the courthouse steps all day waiting for that event to occur.

3. It is noteworthy that the defendant, the judgment debtor, ▮ or someone representing him, might have been present at the sale, and might have directed the order in which the property should be sold. But he was not there, nor was he represented. The sale was made at public auction, and the only persons present were the sheriff and Mr. Young. After the sheriff

was apprised of the condition upon which Mr. Young would bid, it would have been an idle ceremony to have offered the parcels separately. Had there been other persons present, doubtless it would have been the imperative duty of the sheriff to offer them separately.

The fact that the property was sold in gross under the circumstances is not a sufficient reason for setting the sale aside. So far as the record shows, the entire transaction was in good faith. In the circumstances, the property could have been sold only in the manner in which it was, in gross. And the "creditor is not to be foreclosed of his effort to collect his debt by the mere want of bidders for the different parcels." (*Burton* v. *Kipp*, supra; *Thomas* v. *Thomas*, 44 Mont. 102, 119 Pac. 283, Ann. Cas. 1913B, 616.)

If the judgment debtor had attended the sale, of which it must be held that he had due notice, and had he required the property to be sold in separate parcels, as was his right, then the provisions for redemption would have afforded protection to him, and he might have made redemption of any parcel sold. That he did not follow this course is his own fault.

There is not any specification of error attacking the sufficiency of the description of the property offered for sale, nor is there any argument upon that score. The fact that gas rights which did not belong to the defendant were joined with oil rights which did belong to him did not vitiate the sale. Whether he had gas rights or not did not concern the sheriff, for the purchasers by the terms of the law were bound by the maxim, "Let the purchaser beware"; the sheriff did not give them any assurance of the state of the title whatever. If the defendant had owned gas rights subject to execution, the purchaser might eventually have received title; otherwise not.

It is unnecessary to consider the applicability of section 9433 to the present case.

The defendant concedes that his motion was addressed to the sound discretion of the trial court. The burden is upon

him to show an abuse of discretion, and this he has not done. The order is affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

MR. JUSTICE ANGSTMAN, Dissenting: I agree with most, but not all, that is said in the foregoing opinion. I do not agree that the order appealed from should be affirmed. I think it should be reversed, because, in my opinion, the notice of sale was defective and misleading for failure sufficiently to describe the property proposed to be sold. My associates do not discuss this question further than to say that the specifications of error do not present the question. To this I cannot agree.

In defendant's motion to set aside the sale it is alleged "that the noticing for sale and the offering for sale and the actual sale of said oil and gas rights jointly prevented many persons who might otherwise have been prospective bidders at said sheriff's sale from bidding on the oil rights belonging to the defendant." He has specified error in denying his motion to set aside the sale. This, I think, is sufficient specification of error to present the question. My reasons for thinking that the order should be reversed on the ground stated above are these:

It is shown that defendant did not own any gas rights in, to or under any of the described land. He owned only a portion of the oil rights. The notice of sale did not state that only the interest of Oakley Curry in the oil and gas would be sold. It did not specify what interest would be sold. It simply advised the public that "all oil and gas rights" in the property would be sold. There is evidence that the gas rights are worth in excess of $250,000, that the oil rights are worth in excess of $9,000, and that the wells drilled for producing gas cost approximately $100,000.

The obvious effect of the notice wherein it was stated that "all oil and gas rights" would be sold was to keep from the

sale bidders with limited means. The public was not advised by the notice of sale that it was merely the interest of Curry in the oil or gas rights, either or both, that would be sold. They were not advised by the notice how much of oil rights Curry had. The face of the notice, coupled with the proof of the value of the oil and gas rights, carried the implication that the sale would be of no interest to those of limited means.

Our statute commands that the notice shall particularly describe the property. (Sec. 9432, Rev. Codes 1921.) The rule announced by the authorities is that, where the description of the property in the notice is erroneous or insufficient, the sale will be set aside on motion. (23 C. J. 639, note 9; *Hoeflich* v. *Hoeflich*, 12 Pa. Co. Ct. R. 370; *Montgomery* v. *Connor*, 30 Pa. Co. Ct. R. 447; *Stoffel* v. *Reiners*, 3 Mo. App. 33.) And it is not sufficient that the actual purchaser knew what he was buying, or that the debtor knew what property was being sold. Sufficient description is necessary so that every person invited to attend the sale may know what is proposed to be sold. (*Childs* v. *Ballou*, 5 R. I. 537.)

In *Gales* v. *Christy*, 4 La. Ann. 293, it was held that "the judicial sale to the plaintiff of the rights, interests, claims and demands of the heirs of Thomas Beale, Sr., in right of their inheritance of their deceased father, on their mother and tutrix, was void, by reason of the vagueness and insufficiency of the description of the thing sold. The nature of the rights, interests, claims and demands should have been stated in such a manner as to give bidders a clue to their value." To the same effect are *Dearmond* v. *Courtney*, 12 La. Ann. 251, and *Mulling* v. *Jones*, 153 La. 1091, 97 So. 202.

One witness testified that he was deterred from attending the sale and becoming a prospective purchaser by reason of the fact that the notice specified a sale of both oil and gas rights, which he understood meant a sale of the two rights jointly. Many persons may have been interested in becoming bidders for a portion of the oil rights on some one or more of the various tracts of land, and yet not have been at all interested in all the oil and gas rights on the same tract. I think

the sale should have been set aside because of the misleading notice of sale in erroneously describing the property to be sold. I might well stop here were it not for the rule stated in *Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563.

Section 9433, Revised Codes 1921, in part provides: "An officer selling without the notice prescribed by the last section forfeits five hundred dollars to the aggrieved party, in addition to his actual damages." This court in *Burton* v. *Kipp*, supra, held that the remedy provided for in section 9433 is exclusive. I think that case, so far as it holds that the remedy there provided is exclusive, constitutes judicial legislation, is unsound, and should be expressly overruled. It should be noted that the statute does not say that the remedy provided in section 9433 shall be exclusive. The courts of California and other states reach the conclusion that it is exclusive because they say it is in furtherance of the policy of encouraging bidders at execution sales. The California courts take the view that a purchaser is not a party aggrieved, within the meaning of a statute identical with our section 9433. (*Kelley* v. *Desmond*, 63 Cal. 517. I see no reason why a purchaser may not be a party aggrieved under that section. If so, the policy of encouraging bidders at execution sales is as well preserved by holding the sale voidable as by holding it valid. If the sale is set aside and the purchaser has sustained damages, he should have the right under section 9433 to proceed against the officer selling without adequate notice. The section was designed, not so much for the purpose of encouraging execution purchasers, but for the purpose of compelling sheriffs to do their duty with respect to giving proper notice. It shows that the legislature was solicitous, and not indifferent, about the matter of notice.

It was never intended that the sheriff could make a valid sale on an inadequate or defective notice, or without any notice at all, leaving the aggrieved party with no other remedy than that of an action against the sheriff. I think the giving of proper notice is essential to vest the officer with authority to make a valid sale, particularly where, as here, the sale is chal-

lenged by direct attack. This court has intimated that a sale under a defective notice "may have been voidable." (*Exchange State Bank* v. *Occident Elevator Co.,* 95 Mont. 78, 24 Pac. (2d) 126). The California Court of Appeals, in speaking of the rule that the remedy against the sheriff is exclusive, admits that "much well-directed criticism may appear justifiable and many plausible arguments might be advanced against such holding." (*Batini* v. *Ivancich,* 105 Cal. App. 391, 287 Pac. 523.)

I realize, too, that since the *Kipp Case* has stood for thirty years without legislative change in the statute, there should be reluctance in overruling it. But error should not be perpetuated and justice sacrificed by submitting to precedent, however well established. The learned trial judge, confronted as he was by the decision in the *Kipp Case,* was, of course, warranted in disregarding all defects in the notice of sale. As stated, I think that case on the point here considered should be overruled and the order appealed from reversed.