ADAMS v. PRATT, District Judge, et al.

No. 5702.   Decided August 15, 1935.   (48 P. [2d] 444.)

*W. R. Skeen*, of Ogden, for plaintiff.

*Claude T. Barnes*, of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Plaintiff seeks to prohibit the defendants from dispossessing him, by means of a writ of assistance, from the possession of two tracts of land situated in Davis county, Utah. Upon a verified petition filed in this court, a writ of prohibition was issued commanding the defendants and each of them to desist from further proceeding in the matter of dispossessing plaintiff from such land until the further order of this court and to show cause before this court why the temporary writ of prohibition should not be made permanent.

An understanding of this controversy may be had without reciting the pleadings of the respective parties. The pertinent facts alleged and admitted by the pleadings of the parties are: In December, 1919, plaintiff herein and his wife executed a note in favor of the Barnes Banking Company, a corporation, in the sum of $6,000. The note was made payable three years after date, and its payment was secured by a mortgage on the land in controversy. Later, by agreement, the time for payment of the note was extended to March 22, 1929. On July 28, 1932, plaintiff herein and his wife executed a deed to the mortgaged property purporting to convey the same to the Barnes Banking Company. The deed was recorded in the office of the county recorder of Davis county on August 17, 1932. On the same day, July 28, 1932, that the deed was executed, an agreement of lease was entered into wherein the Barnes Banking Company leased the property in question to the plaintiff herein and his wife. By the terms of the lease, the Adamses were to retain possession of the property until December 31, 1933, and to pay as rent for the use thereof one-fourth of the crop raised thereon. It was further agreed that the Barnes Banking Company would convey the two tracts of

land to the Adamses at any time before December 31, 1933, upon payment of $4,500 in cash. On August 23, 1932, the Barnes Banking Company brought suit against the Adamses to recover on the $6,000 note and to foreclose the mortgage given as security for the payment of the same. In their answer to the mortgage foreclosure suit, the Adamses alleged that the deed executed on July 28, 1932, was accepted by the Barnes Banking Company in full satisfaction of the obligation sued upon and that the lease of the same date was still a valid subsisting contract. The Barnes Banking Company replied to the answer so filed by the Adamses. In its reply, the banking company alleged that, when the deed and lease were executed, the Adamses represented that there were no liens against the land except the mortgage held by the banking company, when in truth and in fact there were judgment liens against the premises. For that reason, the banking company refused to accept the deed because to do so would make the property in its hands subject to the judgment liens. The banking company also denied the validity of the lease. Upon the issues thus raised by the pleadings, a trial was had, after which findings of fact, conclusions of law, and decree of foreclosure were made and entered. By the decree the Barnes Banking Company was given judgment against the Adamses for the amount owing upon the mortgage together with attorney's fee and costs. A sale of the property covered by the mortgage was ordered subject to the rights of the Adamses to retain possession thereof under the lease for the remainder of the term therein provided for and also subject to the right of the Adamses to purchase the property for $4,500 at any time before December 31, 1933. The decree of foreclosure was entered on April 17, 1933, and on the same date an order of sale was made directing the sheriff of Davis county to sell the property to satisfy the judgment. After notice given, the property was, on June 10, 1933, sold in one parcel to the Barnes Banking Company for $6,000; it being the highest and best bidder.

The next proceeding had in the mortgage foreclosure suit was on June 16, 1934, when the Barnes Banking Company filed a petition for a writ of assistance. On September 15, 1934, a writ of assistance was issued by the district court of Davis county. On September 20, 1934, the Adamses served notice on the Barnes Banking Company that they would on that day move the district court of Davis county to vacate and set aside the writ of assistance theretofore, on September 15th, issued by that court. The notice stated that the motion would be made upon the ground that the Adamses had filed a petition for debtor's relief in the United States District Court for the District of Utah, and that the federal court had exclusive jurisdiction of the land in controversy, and upon the further ground that the Adamses held the possession of the premises as tenants of the Barnes Banking Company. On September 21, 1934, the district court of Davis county entered an order staying the execution of the writ of assistance until the 25th day of September, 1934, at the hour of 6 o'clock p. m. of that day. On September 25, 1934, upon notice given, the state district court, upon motion made, refused to further stay the execution of the writ of assistance, but permitted the sheriff to refrain from executing the writ until November 25, 1934.

On May 17, 1935, plaintiff herein filed a suit in the district court of Davis county against the Barnes Banking Company wherein he sought to have the sale of the mortgaged property set aside because the same was sold in one parcel. The banking company demurred to the complaint. Apparently no further proceedings have been had in that suit. On May 21, 1935, Hon. Tillman D. Johnson, Judge of the United States District Court for the District of Utah, made and entered an order wherein it is recited that

"Full permission is herein given to the said creditor (Barnes Banking Company) and the said debtor (plaintiff in this proceeding) to pursue their various remedies in the District Court of the Second Judicial District, County of Davis, State of Utah, without further order from this court, and the said District Court of Davis County,

Utah, is authorized to adjudicate said controversy between the parties hereto."

Most of the foregoing facts appear from the answer and return made by the defendants. The petition for the writ was founded upon the alleged fact that the two tracts of land were not separately sold as directed by R. S. Utah 1933, 104-37-29 and 104-37-30, and the further alleged fact that plaintiff had a petition for debtor's relief pending in the federal District Court.

With all of the foregoing facts before us, we are clearly of the opinion that plaintiff is not entitled to have the temporary writ of prohibition made permanent and also that his petition for the writ should be dismissed It will be observed that in the foreclosure suit plaintiff herein and his wife claimed that they had conveyed the mortgaged property to the mortgagee, Barnes Banking Company, and that they had taken a lease thereon together with an option to repurchase both tracts of land for the sum of $4,500 at any time before December 31, 1933. In that suit plaintiff and his wife were successful in maintaining the validity of the lease and the right to repurchase the property on or before December 31, 1933. No appeal was taken from the decree therein entered, and it became final long before this proceeding was commenced. The Adamses, in the foreclosure suit, having pleaded and having successfully maintained that the extent and limit of their rights in and to the property involved in this litigation were the rights acquired under the lease, including the right to purchase the whole of the property for $4,500, it is difficult to perceive of any rule of law which will now permit them or either of them to complain because of the fact that the property was sold en masse and not separately. By the lease and option to purchase and by the decree of foreclosure, the Adamses were given rights other than and in lieu of their equity of redemption. The right to repurchase both tracts of land for $4,500 is a different right, and is inconsistent with the present claimed right to have the prop-

erty sold in separate parcels. The rights of the Adamses having been fixed and determined by the decree of foreclosure, they or either of them may not now be awarded some other or different right. Nor do the authorities support plaintiff's contention that the sale of the property in the mortgage foreclosure suit en masse is void. On the contrary, this court has held that it is proper in the mortgage foreclosure suit to sell the property en masse if bids for the separate lots or parcels cannot be had. *Dickert* v. *Weise*, 2 Utah 350. The cases are generally to the effect that a sale of property en masse, even where it should be sold separately, is not such an irregularity as renders the sale void. *Burton* v. *Kipp*, 30 Mont. 275, 76 P. 563; *Thomas* v. *Thomas*, 44 Mont. 102, 119 P. 283, Ann. Cas. 1913B, 616; *Fox* v. *Curry*, 96 Mont. 212, 29 P. (2d) 663; *Batini* v. *Ivancich*, 105 Cal. App. 391, 287 P. 523; 23 C. J. 532-535. For stronger reasons it may not be said that the court below was without jurisdiction to issue the writ of assistance here brought in question.

The contention that the court below is without jurisdiction to issue a writ of assistance because of the proceedings had in the federal District Court is without merit. Reliance is had by the plaintiff herein in support of his claim that the state district court was without jurisdiction to issue a writ of assistance because of the provisions for relief contained in the Act of Congress of March 3, 1933, § 75, as amended (chapter 8, Bankruptcy Act; 11 USCA § 203). Provision is there made for relief of farmers who are insolvent or unable to meet their debts as they mature. The act prohibits proceedings on the part of the creditors to oust the debtor from the possession of lands where the debtor has filed a petition in a federal District Court for relief under the act. However, the District Court before whom such petition is filed may, upon the petition of the creditor, grant leave to proceed in the cause. Such leave was, upon petition filed, granted by Hon. Tillman D. Johnson in the instant case. Moreover, in this case, as in the

case of *Tullis* v. *Pratt, District Judge,* 86 U. 244, 42 P. (2d) 222, it does not appear that the plaintiff herein is one of the class of persons who is entitled to the benefits of the act.

In determining the merits of this controversy with respect to the sale of the property in litigation, we do not wish to be understood as holding that the parties have a right to a determination of such matters in a proceeding for a writ of prohibition. Having, however, assumed jurisdiction because of the claim made by the plaintiff that the court below was without jurisdiction to issue the writ of assistance because of the petition filed in the federal District Court, we have deemed it proper to dispose of the entire controversy so that there may be an end of the protracted litigation had with respect to the rights of the parties in and to the land in question.

The temporary writ of prohibition heretofore issued is recalled and vacated. The petition for the writ is dismissed. Costs to defendants.

FOLLAND, EPHRAIM HANSON, MOFFAT, WOLFE, JJ., concur.